Grafton, Feb. 7, 1950. } No. 3897.

FRANK R. MUSGROVE *& a. v.* MARY CICCO *& a.*

*William Maynard*, for the plaintiffs.

*Hazen K. Sturtevant*, for the defendants.

KENISON, J.   Squam Lake is one of the public waters of the State. R. L., c. 182, s. 17.   The plaintiff as a littoral owner had rights which were more extensive than those of one who is only a member of the public.   *Willis* v. *Wilkins*, 92 N. H. 400, 404; *Whitcher* v. *State*, 87 N. H. 405, 409.   While the bed of the lake is the property of the State to the natural high water mark (*Taggart* v. *Jaffrey*, 75 N. H. 473; *Whitcher* v. *State*, *supra*.), the plaintiffs' rights to erect a wharf or other

structures into the lake is superior to that of the defendants if the latter have only the rights of a member of the public. *Dolbeer* v. *Company*, 72 N. H. 562, 565; *Concord Manufacturing Company* v. *Robertson*, 66 N. H. 1; *State* v. *Sunapee Dam Company*, 70 N. H. 458. In the absence of a prescriptive right or an express grant from the public the defendants' motions were properly denied. The rights of the parties in this matter are governed by the principles set forth in *Hoban* v. *Bucklin*, 88 N. H. 73.

Present counsel for the defendants state in their brief that the defendants did not agree to have the case submitted, had no opportunity to correct or edit the "agreed" facts and were prevented from presenting any evidence. The further argument is also made that: "The defendants now have evidence of ownership in the premises in question which they did not have at the time of trial although they diligently searched for it, such evidence is material to the point to be decided by the verdict and not collateral to it, and the evidence goes to the merits of the case and is of such a character that it is probable, at least, that a different result will be reached upon another trial." It is difficult to ascertain from the record whether these matters have been presented to the Trial Court and considered by it. In the absence of a definite and specific offer of proof (*State* v. *4.7 Acres of Land*, 95 N. H. 291) or a ruling on these matters by the Trial Court it is impossible to say that there has been any abuse of discretion or that the defendants are or are not entitled to a new trial. R. L., c. 398, s. 1. If the defendants have not presented these matters to the Trial Court, they may now do so. But as the record now stands the exceptions are overruled.

It is unnecessary to decide whether the form of the action is consistent with the agreed statement of facts (*Barron* v. *Marsh*, 63 N. H. 107; *Durrell* v. *Emery*, 64 N. H. 223) since there are no exceptions to the form of the action or the plaintiffs' theory of liability on which the case was tried. *Keefe* v. *Railroad*, 78 N. H. 139, 140. There may be an amendment to conform with the facts if necessary. *Fellows* v. *Judge*, 72 N. H. 466.

*Exceptions overruled.*

All concurred.