Belknap,
Nos. 5412, 13, 14.

ROLAND J. CORMIER & *a. v.* ROBERT L. STEVENS.

Argued December 7, 1965.
Decided February 28, 1966.

*Snierson & Chandler ( Mr. John P. Chandler* orally ), for the plaintiffs.

*James D. O'Neill* ( by brief and orally ), for the defendant.

WHEELER, J. Three actions in case to recover for property damage and consequential losses and for personal injuries arising out of an automobile accident which occurred March 7, 1960 at the intersection of Mechanic and Stark Streets in Laconia.

At the time of the accident Ruth F. Cormier was operating an automobile owned by her husband who was not in the vehicle at the time. With Mrs. Cormier was her minor daughter, June. Both alleged to have sustained personal injuries as a result of being in collision with a motor vehicle operated by the defendant, Robert L. Stevens when both vehicles collided somewhere in the area of the intersection of Mechanic and Stark Streets.

Trial by jury with a view resulted on March 19, 1964 in a verdict for the defendant in each of the transferred cases and a verdict for Robert L. Stevens in his action against Ruth F. Cormier.

During the course of the trial the plaintiffs seasonably excepted to certain rulings of the Court admitting and excluding evidence, allowing certain portions of the defendant's argument and disallowing certain portions of the plaintiffs' argument, to certain

portions of the Court's instructions and failure to instruct as requested.

After the verdict each plaintiff seasonably excepted to the denial of their respective motions for a new trial. All questions of law raised by the foregoing exceptions "or any exceptions appearing in the transcript or appendix" were reserved and transferred by *Morris, J.*

On April 22, 1964 the plaintiffs moved for additional time in which to file motions to set aside the verdict or for new trial. The substance of the motion alleges that the verdicts for the defendant were obtained in part on perjured testimony of the defendant and Andrew J. White, an expert witness for the defendant and that an extension of time was necessary in order to determine whether such perjury was in fact committed. The Court made the following order: "Following the filing of the estimated cost of transcript of entire case in accordance with Rule 64 of Rules of Superior Court," a stay of 60 days in transfer on reserved case is granted; the 60 days to commence on receipt of said transcript by clerk of Belknap county Superior Court. The transcript was filed November 18, 1964.

On January 18, 1965 the plaintiffs filed a motion to set aside the verdicts and for a new trial and requested a hearing thereon. In support of this motion the plaintiffs made an offer of proof which called the Court's attention to discrepancies in the defendant's testimony. The plaintiffs further offered to show that witness Andrew J. White had testified in other trials regarding the organization he was affiliated with directly contradicting his testimony in the case at bar. The plaintiffs further offered to prove that White had testified in Sullivan county to the effect that he held 90 issued patents whereas in the present case he testified that he held "200 issued patents, both domestic and continental." The offer of proof further stated that they were prepared to present testimony to the effect that no more than six patents had been issued to White by the United States. This motion was denied on June 16, 1965.

It could be found that on March 7, 1960 Mrs. Cormier was proceeding down a grade on Mechanic Street toward its intersection with Stark Street. Her daughter, June, was seated in front. There were high snow banks on each side of the street, higher than eye level so traffic could not be seen on Stark Street.

She proceeded toward the intersection with Stark Street going "very slow" and "riding the brake all the way down." She "crept out" into Stark Street to see if any traffic was coming. When

the front wheel of her motor vehicle was out on Stark Street she looked to the right and saw no traffic coming. She looked to the left and saw the defendant's car come around the corner from Union Avenue onto Stark Street and "it looked like it was picking up speed."

She testified her car was stopped and before she could sound the horn his right headlight struck her vehicle on its left front. The defendant testified he rounded the corner into Stark Street at 15-18 miles per hour. He took a glance north and the next thing he knew he was headed toward a telephone pole. He did not see the plaintiff's vehicle and the only knowledge of a collision was an impact from the right.

Witness Andrew J. White called by the defendant testified he was Director of Motor Vehicle Research of New Hampshire, a private organization, founded to alleviate motor vehicle accidents and to study the design of tires, automobiles and other functions of the automotive industry. The list of clients retaining his services was impressive as well as his other alleged qualifications which included the ownership of "200 patents, both domestic and continental."

White testified after much elaboration in substance that there was no question in his mind as to how the accident happened. It was his opinion that the car driven by Mrs. Cormier struck the Stevens car.

The offer of proof submitted in connection with plaintiffs' motion for a new trial filed January 18, 1965 suggests that certain evidence exists directly contradicting testimony given by witness White regarding the nature of the organization which he describes as having rendered the services for the defendant in the instant actions and regarding the number of United States patents held by him. The plaintiffs contend that if the proof offered is received it would show that White's testimony in these respects was not only false but "fraudulently misleading."

In support of this contention plaintiffs rely upon *Rasquin* v. *Cohen*, 92 N. H. 440 which in substance held that where a party testified falsely on a material issue, the verdict would be set aside without the necessity of a finding by the Court that a different verdict would probably result. *Rasquin*, as plaintiffs' counsel is aware, applies only to a party in the case. The offer of proof if established in evidence, hardly goes to the merits of the case and at the most would serve only to discredit witness White. The Trial Court had the opportunity to see and hear the witnesses and in denying the motion for a new trial we find no

abuse of discretion. *McGinley* v. *Railroad,* 79 N. H. 320; *Haney* v. *Burgin,* 106 N. H. 213, 218.

The only exception briefed and argued here on the merits of the case is that plaintiffs' motion for a new trial should have been granted because the evidence shows that the jury fell into a plain mistake in finding that defendant Stevens was not guilty of negligence causing or contributing to cause the accident.

The plaintiffs' motions to set aside the verdict can prevail only if we can say there was no evidence to support the Court's finding or it involved a plain mistake. *Powell* v. *Gagne,* 102 N. H. 256, 257.

At the time of the accident Mrs. Cormier had been driving northerly on Mechanic Street and was preparing to make a left turn into Stark Street. The defendant was proceeding easterly on Stark Street. There were high snow banks on both streets at the intersection, high enough so that both operators could not see the car on the other street.

It is argued that since under the provisions of RSA 250:3 the so-called right of way statute, Mrs. Cormier was the favored operator, it was the duty of defendant Stevens to grant her the right of way at the intersection and that failure to do so constituted negligence on his part. The driver on the right does not have the absolute right of way and the statute raises an issue of fact whether or not a person in the less favored position would reasonably have concluded that he could pass the intersection without danger of collision. *Gendron* v. *Glidden,* 84 N. H. 162, 168; *Roy* v. *Levy,* 97 N. H. 36, 37.

While the defendant testified that he did not see the plaintiff's motor vehicle until they collided, there was evidence from which it could be found that he looked for and was concerned with traffic from Mechanic Street. He also undertook to indicate where his car was "at the instant of impact." The plaintiff did not see the defendant's motor vehicle until the front wheel of her vehicle was out on Stark Street. It was further findable that neither vehicle was traveling at excessive speed.

On the evidence, the issues of credibility and liability were for the jury's determination. The defendant's evidence was not so conclusively against the weight of the evidence as to require that the verdict be set aside. *Powell* v. *Gagne, supra.*

*Exceptions overruled; judgments on the verdicts.*

All concurred.