Grafton
No. 6767

GLENN W. BRICKER

v.

SCEVA SPEARE MEMORIAL HOSPITAL

March 29, 1974

*Malloy & Sullivan* and *James J. Barry, Jr. (Mr. Barry* orally) for the plaintiff.

*Upton, Sanders & Smith* and *Wescott, Millham & Dyer (Mr. Frederic K. Upton* orally) for the defendant.

PER CURIAM. The plaintiff is a medical doctor and was the plaintiff in *Bricker v. N.H. Medical Soc'y,* 110 N.H. 469, 272 A.2d 614 (1970); *Bricker v. Sceva Speare Hosp.,* 110 N.H. 412, 270 A.2d 358 (1970); *Bricker v. Sceva Speare Hosp.,* 111 N.H. 276, 281 A.2d 589 (1971); *cert. denied,* 404 U.S. 995 (1971); *Bricker v. Sceva Speare Hosp.,* 339 F. Supp. 234 (D.N.H. 1972) and *Bricker v. Crane,* 468 F.2d 1228 (1st Cir. 1972), *cert. denied,* 410 U.S. 930 (1973). Except for the first case listed, all of the reported cases stem from the refusal of the defendant hospital to reappoint the plaintiff to its medical staff. The facts surrounding the action by the hospital and the findings by the trial court are detailed in *Bricker v. Sceva Speare Hosp.,* 111 N.H. 276, 281 A.2d 589 (1971), which sustained the action of the Trial Court *(Johnson,* J.) in upholding the hospital board's refusal to reappoint Dr. Bricker to its medical staff.

The present appeal arises from the denial by the trial court of additional motions for a new trial based upon allegedly newly discovered evidence and a motion charging the trial court with bias and prejudice and asking the reassignment of the motions for new trial to a different judge. The Trial Court (*Johnson,* J.) reserved and transferred plaintiff's exceptions to the denial of these motions.

While some of the allegations in the present motions for new trial are repetitious of allegations contained in previous motions for new trial denied in 1971, there appear to be some new allegations. The present motions for new trial claim generally that plaintiff now has four doctors who as a board found him to be a competent physician, that perjury was committed by certain witnesses against him in the original trial, and that he had not known of two malpractice cases brought against other members of the medical staff in 1971.

A new trial on the ground of newly discovered evidence is equitably required only where: (1) the moving party was not at fault in failing to discover the evidence at the former trial, (2) the evidence is admissible, material to the merits, and not cumulative and (3) it must be of such a character that a different result will probably be reached at a new trial. *Rautenberg v. Munnis,* 109 N.H. 25, 241 A.2d 375 (1968). The issues presented were questions of fact to be determined by the trial court and the court's denial of the motions will be sustained unless clearly unreasonable. *Musgrove v. Cicco,* 96 N.H. 141, 143, 71 A.2d 495, 496 (1950). The nature of the "newly discovered" evidence and the long delay in offering it would support a finding that the plaintiff was at fault for not presenting it at the former trial. *Haney v. Burgin,* 106 N.H. 213, 218, 208 A.2d 448, 453 (1965). In any event we find no such conclusive evidence in the affidavits or evidence presented to the trial court as would permit a finding of abuse of discretion. Evidence of plaintiff's competence as a physician would not be of such character that a different result would probably be reached at a new trial since we noted in *Bricker v. Sceva Speare Hosp.,* 111 N.H. 276, 281 A.2d 589 (1971), that his professional competence was not a determinative

factor in the court's decision. The trial court had previously considered and rejected a motion for a new trial based upon an attack on the credibility of a witness and the present ruling indicated it found nothing helpful to the plaintiff in the new allegations. *See Cormier v. Stevens,* 107 N.H. 66, 217 A.2d 186 (1966). The allegations of the malpractice suits relate to plaintiff's claim that he was dismissed because of his willingness to testify against fellow physicians in malpractice cases. These suits were matters of public record at the time of trial and it does not appear plaintiff was ever consulted with reference to them. Accordingly, the innuendo that the board of trustees of the hospital dismissed plaintiff because of them fails as a basis for a new trial.

Stated in their simplest terms, plaintiff's charges against the court have a two-fold basis: certain facts presented and plaintiff's personal opinion. At the hearing on his motion to disqualify the court for bias and prejudice plaintiff summoned and presented as a witness Stephen W. Smith. It appeared that he had been one of seventeen members of the hospital board that had unanimously voted not to reappoint the plaintiff to the medical staff. It further appeared that the witness had been a casual acquaintance of the court for some years and that in his then capacity as a member of the Governor's Council, he had voted to confirm the appointment of the judge to the superior court. Councilor Smith testified that he preferred a different attorney for the appointment but that he approved the Governor's choice. He further testified that he had met with the judge subsequent to his appointment only as a fellow member of a committee concerned with the construction of the new Grafton County courthouse and had never discussed the case with him. In addition, the plaintiff testified that as a trained individual he could recognize the attitude of the trial court toward him was one of hostility.

We note that plaintiff's attempt to oust the judge was made long after the trial court's final decree. In a similar case where the attempt to recuse the judge was made prior to completion of the case but after numerous hearings,

the court noted "we cannot overlook the circumstance that after the date that petitioner first found him acceptable the judge has resolved many, if not all, disputed questions of fact in its disfavor. It is not inconceivable that in petitioner's eyes this is his principal sin." *In re Union Leader Corp.*, 292 F.2d 381, 389 n.14 (1st Cir. 1961). The motion in this case was filed too late and provided no basis for disqualification.

The opinion of the plaintiff that the trial court was hostile to him is hardly decisive on the question in the absence of supporting facts. *Sawtelle v. Sawtelle*, 105 N.H. 177, 195 A.2d 589 (1963); *Hutchinson v. Railway*, 73 N.H. 271, 275, 60 A. 1011, 1013 (1905).

The facts relating to the alleged disqualification do not fall within any reason for disqualification provided by the Code of Judicial Conduct adopted effective May 1, 1973. RSA 490: App. R. 25 Canon 3-c. Neither can they be said to constitute facts "from which a sane and reasonable mind might fairly infer personal bias or prejudice on the part of the judge." *Hurd v. Letts*, 152 F.2d 121, 122 (D.C. Cir. 1945); *In re Rhodes*, 370 F.2d 411 (1967); *Hamlin v. Government of Canal Zone*, 26 F.2d 161 (7th Cir. 1928); *In re Bishop's Estate*, 250 F. 145 (9th Cir. 1918); Annot., 10 A.L.R.2d 1307 § 9, at 1321 (1950).

*Exceptions overruled; judgment for the defendant.*