NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

7th Circuit Court – Dover Probate Division
No. 2013-398


IN RE ESTATE OF RUTH C. MCCARTY

Argued: April 3, 2014
Opinion Issued: August 8, 2014


Wyskiel, Boc, Tillinghast & Bolduc, PA, of Dover (Michael J. Bolduc on the brief and orally), for the appellant.


Joseph A. Foster, attorney general (Patrick J. Queenan, assistant attorney general, on the brief and orally), for the New Hampshire Department of Health and Human Services.


LYNN, J. The appellant, Kerry McCarty, as executrix of the Estate of Ruth C. McCarty, appeals an order of the Circuit Court (Cassavechia, J.) denying her motion to dismiss the claim of the New Hampshire Department of Health and Human Services (DHHS) for repayment of medical assistance provided to the decedent through the State's Medicaid program. She argues that the court erred by concluding that DHHS's claim was not barred by the statute of limitations. We affirm.

The following facts were found by the trial court or are supported by the record. At the time of her death on October 11, 2009, the decedent had been residing in her home at 11 Elmview Circle in Dover with her adult daughter,

the appellant. The appellant had been caring for the decedent, who was afflicted with dementia, for more than two years. This care allowed the decedent to remain at home rather than reside in a long-term nursing facility. From June 22, 2009, to October 9, 2009, the decedent received medical assistance totaling $7,866.64 through Medicaid. Upon her death, the decedent's estate consisted solely of the real estate at 11 Elmview Circle, which was devised to the appellant in the decedent's will.

DHHS filed a claim for recovery of medical assistance in the amount of $7,866.64 and provided notice to the appellant in February 2010. This claim was not secured by a lien against the decedent's real property. The appellant did not pay the claim, and DHHS did not file an action to enforce its claim. In February 2012, the appellant asked the circuit court to dismiss DHHS's claim, arguing that it was barred by RSA 556:5 (2007) because DHHS failed to file suit against the estate within one year of her appointment as executrix. DHHS objected, asserting that because its claim was for the recovery of medical assistance, RSA 167:16, III (2014) exempted it from the one-year filing requirement contained in RSA 556:5. Furthermore, DHHS contended that the appellant was presumed to have accepted its claim for recovery by not challenging the claim's validity or amount, pursuant to RSA 167:16, III, within twelve months of her appointment.

The trial court determined that RSA 167:16, III was ambiguous and consulted the statute's legislative history. Based on this review, the court ruled that "the legislature intended to exempt DHHS from the requirement to file suit against an administrator within one year of appointment when it has a timely filed claim against an estate or a lien on a decedent's real estate." This appeal followed.

On appeal, the appellant argues that the trial court erred in denying her motion to dismiss by: (1) concluding that RSA 167:16, III exempts from the one-year limitations period contained within RSA 556:5 DHHS's claims for recovery of assistance that are not secured by liens; (2) consulting legislative history to aid in its interpretation of RSA 167:16, III; and (3) failing to apply the exemption to recovery set forth in RSA 167:16-a, IV(b)(2) (2014). We do not find any of these contentions persuasive.

We first address whether RSA 167:16, III exempts DHHS claims for recovery of assistance that are not secured by liens from the limitations period contained in RSA 556:5. RSA 556:5 provides that "[n]o suit shall be maintained against an administrator for any cause of action against the deceased, unless it is begun within one year next after the original grant of administration." DHHS did not file suit within one year of the appellant's grant of administration. Therefore, we must determine whether RSA 167:16, III exempts DHHS's claim from RSA 556:5.

2

"The interpretation of a statute is a question of law, which we review <u>de novo</u>." <u>State Employees' Assoc. of N.H. v. State of N.H.</u>, 161 N.H. 730, 738 (2011). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." <u>Id</u>. "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." <u>Id</u>. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." <u>Id</u>. "We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result." <u>Id</u>. "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole." <u>Id</u>.

The appellant argues that RSA 167:16, III applies only to claims that are secured by liens. She relies upon the statutory language, its context, and the statute's title. RSA 167:16, III states:

> Notwithstanding RSA 556:5 and any other provision of law to the contrary, the administrator of a recipient's estate shall be conclusively presumed to have accepted a <u>claim</u> for recovery of assistance which is subject to the jurisdiction of the [circuit court – probate division] unless, within 12 months from the initial grant of administration, the administrator commences an equitable action in the superior court challenging the validity or amount of the commissioner's <u>claim and lien</u>.

(Emphasis added.) The appellant contends that the use of the words "claim <u>and</u> lien" in the statute demonstrates that it applies only to claims by DHHS that are secured by liens. DHHS, however, asserts that RSA 167:16, III applies to all claims, whether or not secured by a lien, because no such limitation can be found in the language, "the administrator . . . shall be conclusively presumed to have accepted a <u>claim</u> for recovery of assistance which is subject to the jurisdiction of the [circuit court – probate division]."

The plain language of RSA 167:16, III contains two distinct parts. In the first clause of the paragraph, the legislature exempts DHHS claims from RSA 556:5: "Notwithstanding RSA 556:5 . . . the administrator of a recipient's estate shall be conclusively presumed to have accepted a <u>claim</u> for recovery of assistance which is subject to the jurisdiction of the [circuit court – probate division] . . . ." RSA 167:16, III (emphasis added). In the second clause, the legislature carves out an exception: "unless, within 12 months from the initial grant of administration, the administrator commences an equitable action in the superior court challenging the validity or amount of the commissioner's claim and lien." <u>Id</u>. The plain language of the statute shows that it applies to any "claim for recovery of assistance which is subject to the jurisdiction of the

3

[circuit court – probate division]."  Id.  The language "claim and lien" is contained within the exception, and it dictates only that the administrator must challenge both the claim and any liens securing that claim to rebut the presumption of acceptance.  If the legislature desired to limit the application of RSA 167:16, III to claims that are secured by liens, it could have done so.  But it did not do so, and we will not add language that the legislature did not see fit to include.  State Employees' Assoc., 161 N.H. at 738.  Therefore, we conclude that the statute unambiguously applies to all claims for recovery of assistance that are subject to the jurisdiction of the circuit court – probate division.

The appellant next argues that the context of the overall statutory scheme makes it clear that RSA 167:16, III applies only to claims that are secured by liens.  Specifically, she argues that because each of the remaining paragraphs of RSA 167:16 (2014) applies only when DHHS has both a verified claim and a verified lien, paragraph III should be interpreted to be limited to these circumstances as well.  To the contrary, construing paragraph III in the context of paragraphs I, II, and IV indicates that the legislature intended otherwise.  The legislature uses "claim" and "lien" as distinct terms throughout section 16.  Paragraph I describes generally the manner in which "[a]ssistance liens arising under" chapters 161 or 167 may be enforced.  RSA 167:16, I (emphasis added).  Paragraph II describes how DHHS "may enforce the liquidated amount of an assistance lien."  RSA 167:16, II (emphasis added).  And paragraph IV restricts the sale of real estate or distribution of probate assets by an estate against which a notice of lien has been filed to ensure that DHHS's interest is protected.  See RSA 167:16, IV.  The absence of similar language limiting the application of RSA 167:16, III only to situations in which DHHS has a lien is a strong indication that the legislature did not intend the paragraph to be so limited.

The appellant next argues that paragraph III applies only to claims secured by liens because RSA 167:16 is entitled, "Enforcement of Assistance Liens."  As we have previously held, however, "[t]he title of a statute is not conclusive of its interpretation, and where the statutory language is clear and unambiguous this court will not consider the title in determining the meaning of the statute."  State v. Kilgus, 125 N.H. 739, 742 (1984).  Because the words of the statute are clear and unambiguous, we will not look to the title of RSA 167:16 to aid in its interpretation.

Given our determination that the language of RSA 167:16, III is unambiguous and subject to only one reasonable interpretation, we need not address the appellant's argument that the trial court erred in consulting legislative history to determine the statute's meaning.  See State v. Dion, 164 N.H. 544, 552 (2013) ("Where the trial court reaches the correct result on mistaken grounds, we will affirm if valid alternative grounds support the decision." (quotation omitted)); Smith v. City of Franklin, 159 N.H. 585, 588

(2010) ("We review legislative history to aid our analysis where the statutory language is ambiguous or subject to more than one reasonable interpretation." (quotation omitted)).

Finally, the appellant argues that the trial court erred by not exempting the decedent's estate from recovery by DHHS pursuant to RSA 167:16-a, IV(b)(2). Specifically, the appellant argues that this statute should be interpreted to apply to all DHHS claims, and that to interpret the statute otherwise, as did the trial court, yields an absurd result. RSA 167:16-a, IV (2014) states, in relevant part:

> IV. Notwithstanding any provision of law to the contrary, there shall be no adjustment or recovery of medical assistance correctly paid on behalf of . . . an individual, except from the estate of an individual who was 55 years of age or older when the individual received such assistance, and then . . . only at a time when:
>
> . . . .
>
> (b) In the case of a lien on an individual's home under subparagraph I(b):
>
> . . . .
>
> (2) There is no son or daughter of the individual who was residing in the individual's home for a period of at least 2 years immediately before the date of the individual's admission to the medical institution, nursing facility, or intermediate care facility and who establishes to the satisfaction of the state that he or she provided care to such individual which permitted such individual to reside at home rather than in an institution and is lawfully residing in such home and has done so on a continuous basis since the date of the individual's admission to the medical institution, nursing facility, or intermediate care facility.

By its plain language, RSA 167:16-a, IV(b)(2) applies only "[i]n the case of a lien on an individual's home under subparagraph I(b)." RSA 167:16-a, IV(b). Under RSA 167:16-a, I(b) (2014), notwithstanding any other provision of law, DHHS may not secure a lien upon the real property of a recipient unless the recipient "is an inpatient in a nursing facility, intermediate care facility, or other medical institution." RSA 167:16-a, I(b). Here, the decedent was not admitted to a medical institution, and no lien was placed on the decedent's property as a consequence of a stay at such an institution. Consequently, RSA 167:16-a, IV(b)(2) is plainly inapplicable to this case.

5

We disagree with the appellant's suggestion that our interpretation of this statute leads to an absurd result. She argues that the statute is intended to exempt an estate from recovery by DHHS when care provided by a recipient's child delays entry into a medical facility, thereby saving the State significant money, and that it therefore would be absurd for the statute not to similarly exempt an estate when care provided by the recipient's children obviates the need for a recipient to enter a medical facility. The premise of the appellant's reasoning is faulty, however — the statute does not create a permanent bar to recovery. If the child of a recipient satisfies the requirements of RSA 167:16-a, IV(b)(2), then DHHS is merely prevented from recovering on a lien against real property until a time when that child ceases to live in the decedent's home. See RSA 167:16-a, IV. Therefore, the purpose of the statute is not to reward a child's meritorious conduct with financial gain in the form of forgiveness of debt owed to the State by the decedent, as the appellant hypothesizes, but rather to protect such a child from DHHS using a lien to evict, partition, or force sale of the decedent's home while the child continues to live there. See RSA 167:16-a, IV(b)(2) (recovery allowable provided "[t]here is no son or daughter of the individual who was residing in the individual's home for a period of at least 2 years").

Accordingly, because the express requirements of RSA 167:16-a, IV(b)(2) have not been met, the trial court correctly determined that the statute did not exempt the decedent's estate from a recovery of assistance by DHHS.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.