NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Manchester Family Division
No. 2015-0273

IN THE MATTER OF TERRIE HARMAN AND THOMAS MCCARRON

Submitted:  September 24, 2015
Opinion Issued:  December 2, 2015

Terrie Harman, self-represented party, by brief.

Thomas McCarron, self-represented party, filed no brief.

Law Office of Joshua L. Gordon, of Concord (Joshua L. Gordon on the brief), as amicus curiae.

LYNN, J.  The petitioner, Terrie Harman, appeals an order of the Circuit Court (Carbon, J.) denying the request filed by her and the respondent, Thomas McCarron, to vacate their decree of divorce.  We affirm.

The parties were married in 1989.  In July 2014, they were granted an uncontested decree of divorce on the ground of irreconcilable differences that caused the irremediable breakdown of the marriage.  In March 2015, they jointly filed a "Petition to Change Court Order," stating that they have "reconciled and therefore request the [trial court] to approve the attached agreement to vacate the July 1, 2014 divorce decree."  The attached agreement, signed by both parties, stated that they "agree that the . . . 2014 divorce decree

shall be vacated in full and in all respects." The trial court denied the petition, stating that it "lacks authority under these circumstances."

Harman appealed, and McCarron moved to waive submission of an opposing brief because the parties "seek the same relief," and he "agrees with all the arguments presented in [Harman's] brief and does not wish to present any additional arguments." We granted the motion and invited Joshua L. Gordon, Esq. to file a brief in support of the trial court's decision as amicus curiae. See Mata v. Lynch, 135 S. Ct. 2150, 2154 (2015) (because the parties were in agreement on the legal issue, amicus curiae was appointed to defend the judgment below).

On appeal, the petitioner argues that because New Hampshire courts "have authority to set aside, vacate, modify or amend their orders," and have vacated final divorce decrees upon the request of one of the parties, the trial court erred in ruling that it had no authority to vacate the parties' divorce decree. Asserting that "a majority of jurisdictions have held that a court may vacate a divorce decree upon agreement of the parties," the petitioner requests that we "clarify the issue of whether divorce decrees may be vacated upon joint request of the parties." The petitioner argues that when the request to vacate a divorce granted on the ground of irreconcilable differences "is agreed to by both parties, there is no need to require a showing that the divorce decree was somehow invalid because of fraud, undue influence, deceit, misrepresentation, or mutual mistake, tests which are designed to balance the interests of adverse parties." The petitioner also asserts that "[i]t would be inequitable to deny the parties the opportunity [to] restore their marriage" because "they have social security spousal rights, pension rights, rights of inheritance, and other financial interests that will be adversely affected if the continuity of their long-term marriage is disrupted by a divorce that is no longer necessary."

The amicus curiae argues that in New Hampshire the authority to grant a divorce is entirely statutory, and because there is no statute allowing courts to vacate a divorce after the decree becomes final, the trial court "properly demurred." The amicus asserts that a divorce decree may be set aside only for fraud, accident, mistake, or misfortune, and that none of those grounds was alleged here. In response to the petitioner's equitable argument, the amicus asserts that there is no basis in the record to determine whether any prejudice occurred, and even if there were adverse impacts from the parties' divorce, they were self-imposed. The amicus further argues that equitable relief is unavailable when there is an adequate remedy at law, and "nothing in the record suggests getting re-married is not an adequate remedy."

We review the trial court's rulings on questions of law, including statutory interpretation, de novo. In re Estate of McCarty, 166 N.H. 548, 550 (2014). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as

2

a whole.  Id.  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Id.

The New Hampshire Constitution provides that "[a]ll causes of marriage, divorce and alimony; and all appeals from the respective judges of probate shall be heard and tried by the superior court until the legislature shall by law make other provision."  N.H. CONST. pt. II, art. 76.  As we have explained,

> Part II, article 76 was included in the Constitution of 1784 in order to invest the judicial branch with jurisdiction over separation and divorce.  In England, prior to our Revolution, the civil courts of common law and equity possessed no marital jurisdiction; what we would now regard as jurisdiction over separation and annulment was vested in the ecclesiastical courts, and jurisdiction to grant divorce following a valid marriage resided in Parliament.  During New Hampshire's provincial and revolutionary periods preceding the adoption of the 1784 Constitution, the legislature granted divorces.
>
> As a consequence, no judicial jurisdiction over marital cases would have been implied merely by the recognition of the judicial power under part I, article 37, or by the provision for the appointment of judicial officers under part II, article 46.

Opinion of the Justices, 128 N.H. 17, 21 (1986) (citations omitted).  By statute, "jurisdiction was first conferred upon the courts to grant limited divorces or legal separations, such as had long previously been granted by the ecclesiastical courts of England."  Veino v. Veino, 96 N.H. 439, 440 (1951).  Accordingly, "[t]his jurisdiction, like the jurisdiction to grant absolute divorces, must be regarded as strictly statutory."  Id.; see Walker v. Walker, 119 N.H. 551, 553 (1979) ("The court's authority in matters of marriage and divorce is strictly statutory.").  "Because divorce is statutory, the court has only such power in that field as is granted by statute."  Daine v. Daine, 157 N.H. 426, 427 (2008).

The petitioner does not cite any statutory provision to support her argument that the trial court has authority to vacate a final divorce decree upon the parties' request because they have subsequently reconciled.  See RSA 458:7-b (Supp. 2014) ("Whenever, before or during a hearing but before a final decree, . . . the court determines that there is a reasonable possibility of reconciliation, the court shall continue the proceedings and require that both parties submit to marriage counseling." (emphasis added)); but cf. RSA 458:14 (2004) ("[T]he court . . . may revise and modify any order made by it, may make

such new orders as may be necessary, and may award costs as justice may require." (emphasis added)).

"As a general proposition, courts have power to set aside, vacate, modify, or amend their judgments for good cause shown." Adams v. Adams, 51 N.H. 388, 396 (1872). Accordingly, we have held that a final judgment of divorce may be set aside or vacated when procured by fraud, accident, mistake, or misfortune. See, e.g., id. at 399-400 (where libelant concealed from libelee any notice of the proceedings, divorce was obtained by fraud); In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (record supports trial court's finding that there was no accident, mistake, or misfortune to support vacating the final divorce decree); Sandberg v. Sandberg, 81 N.H. 317, 317 (1924) (trial court had power to grant the libelee's motion to vacate the decree and reopen it for further hearing where libelee did not receive notice of hearing). However, the parties before us do not assert any of these grounds for vacating their divorce decree. Rather, they base their request simply upon the fact that, subsequent to their otherwise valid divorce, they reconciled.

Although the petitioner may be correct that a majority of jurisdictions have held that a court may vacate a divorce decree upon agreement of the parties, in most cases courts do so based upon specific statutory authorization. See, e.g., In re Marriage of Schauberger, 624 N.E.2d 863, 867 (Ill. App. Ct. 1993) (by statute, rule of procedure applies to allow parties to seek vacatur of final divorce decree within two years after entry of the order); Lawson v. Lawson, 174 N.W.2d 202, 204 (Neb. 1970) (by statute, "either party to a divorce action may within 6 months of the date of the entry of the decree make application to have the decree set aside or modified"); Wells v. Roberson, 209 So. 2d 919, 923 (Miss. 1968) (by statute, a decree of divorce may be revoked at any time by the court that granted it, upon the joint application of the parties, and upon the production of satisfactory evidence of their reconciliation); Dunn v. Dunn, 257 S.W.2d 283, 284-85 (Ark. 1953) (by statute, upon joint petition of the parties the court may annul the divorce); Bradshaw v. Bradshaw, 55 A.2d 719, 720 (Md. 1947) (by statute, divorce decree for abandonment and desertion may be revoked upon joint application of the parties at any time thereafter by the court); Berning v. Berning, 75 S.W.2d 355, 356 (Ky. Ct. App. 1934) (by statute, "a judgment of divorce . . . may be annulled by the court which rendered it, upon a petition verified by the parties in person so requesting").

By contrast, courts have recognized that, as here, in the absence of statutory authorization, there is no authority to vacate a decree of divorce upon the request of reconciled parties. See, e.g., Darby v. Darby, 370 N.W.2d 205, 207 (S.D. 1985) ("the court has no jurisdiction or authority to vacate a decree of divorce except for fraud or other reasons that would apply to any judgment" as set forth by statute); Doe v. Doe, 905 N.Y.S.2d 901, 904 (N.Y. Sup. Ct. 2010) (the absence of any statutory provision "to allow for vacatur of a judgment of divorce based solely on a reconciliation" indicates that the legislature "would

4

frown upon a vacatur of a final divorce judgment based solely on the parties' whims"); <u>Meyer v. Meyer</u>, 99 N.E.2d 137, 139 (Ill. 1951) (where statute renders divorce final 30 days following entry of the decree, court did not have subject matter jurisdiction over the divorce action for the purpose of vacating the final decree rendered nearly ten months before); <u>but</u> <u>see</u> <u>Matter of Estate of Brother</u>, 658 P.2d 189, 190, 191 (Ariz. Ct. App. 1982) (court concluded, based upon statutory language providing that "[a] decree of dissolution of marriage . . . is final when entered, subject to the right of appeal," that "[b]y implication, therefore, the appellate court must have the power, upon discovering clear error in [the finding that the marriage is irretrievably broken], to vacate the decree" (quotation omitted)).

We hold that in the absence of a statute authorizing the trial court to vacate a final divorce decree on the ground of the parties' reconciliation, the court did not err in concluding that it had no such authority.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS and BASSETT, JJ., concurred.