# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0615, <u>Karen Tuthill v. Mark Keenan</u>, the court on March 14, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The defendant, Mark Keenan, appeals an order of the Circuit Court (<u>Forrest</u>, J.) declining to vacate a stalking order of protection in favor of the plaintiff, Karen Tuthill. <u>See</u> RSA 633:3-a (Supp. 2017). He contends that the trial court: (1) violated his state and federal due process rights; (2) ignored its previous order stating that the protective order would be vacated upon certain conditions; and (3) erroneously denied his request for a hearing and written findings of fact and rulings of law, <u>cf</u>. RSA 491:15 (2010).

The trial court has the power to reconsider an issue any time prior to final judgment. <u>Goudreault v. Kleeman</u>, 158 N.H. 236, 249 (2009) (citing <u>Redlon Co. v. Corporation</u>, 91 N.H. 502, 506 (1941)). After judgment is final, a party seeking to vacate, modify, or amend it generally must establish some substantial ground, outside that party's control, amounting to good cause, such as fraud, accident, mistake, or misfortune in the judgment's procurement. <u>See, e.g.</u>, <u>In the Matter of Harman & McCarron</u>, 168 N.H. 372, 375 (2015); <u>Knight v. Hollings</u>, 73 N.H. 495, 502 (1906); <u>see</u> <u>also</u>, <u>generally</u>, 5 G. J. MacDonald, <u>Wiebusch on New Hampshire Civil Practice and Procedure</u> § 57.16, at 57-8 (4th ed. 2014).

In this case, the record before us appears to reflect the following procedural history: On June 16, 2015, the trial court extended the plaintiff's stalking order of protection against the defendant for five years, until January 9, 2020. <u>See</u> RSA 633:3-a, III-c. Neither party appealed that decision. Thus, it appears to have become a final judgment.

On July 21, 2015, the trial court amended that order to provide that, if either party obtained a judgment establishing "the parties' relative rights and responsibilities concerning the common driveway and easement . . . , the Protective Order shall then be vacated." The plaintiff represents that she moved to vacate the amendment and that the defendant objected.

On or about August 22, 2015, the defendant filed a "Motion to withdraw all my previous motions requesting Court Orders regarding real estate issues." In it, he stated that the trial court's "ruling dated 7/21/2015" was "blocking the

vacating of the protective order" and that he was "removing" the "hurdle" that the trial court had erected. Among other things, the motion stated that the defendant's "problem" with the plaintiff's use of the driveway was "apparently solved," and that he, apparently by virtue of the motion, had "removed the property rights and easement issues from [the circuit] court and there is no longer a tie between [his] property rights and the vacating [of] this protective order." He further stated, "If the problem arises in the future I will address it at the . . . [superior court] and not have it used as an impediment to having this protective order vacated."

The plaintiff responded with a "Qualified Assent." Among other things, she assented to the defendant's motion "to the extent . . . [it] nullifies and/or vacates the Court's July 21, 2015 Order" and agreed to waive the scheduled hearing if that reflected the trial court's understanding of the defendant's motion. However, she objected to cancelling the hearing if vacating the July 21, 2015 order was not the trial court's "intended course of action."

The trial court granted the defendant's motion, cancelled the hearing, and stated that "[t]he Court's order of 6/16/15 remains in full force and effect." The plaintiff represents that the defendant moved three times, unsuccessfully, for reconsideration of this order. Regardless of whether the trial court erred in altering its previous order, neither party appealed this order. Thus, the order appears to have become a final judgment.

On October 21, 2015, the trial court denied the defendant's third motion to vacate, which appears to have referred to the protective order. The trial court stated that "[t]he Defendant continues to misapprehend this Court's Order of July 21, 2015" and proceeded to quote the language from that order providing that, if either party obtained a declaratory judgment regarding the driveway, "the Protective Order shall then be vacated."

On or about June 27, 2017, the defendant moved to vacate the protective order, attaching a superior court order regarding the driveway, quoting the July 21, 2015 order stating that if either party obtained a declaratory judgment, the protective order would be vacated, and characterizing the October 21, 2015 order as having "reaffirmed" the July 21, 2015 order. On July 15, 2017, the trial court denied the motion "based upon [the] objection."

On or about July 25, 2017, the defendant filed an apparently timely motion for reconsideration, and the plaintiff objected. On August 29, 2017, the trial court granted that motion, stating, "Superior Court order of 6/21/17 having been filed with the Court, the Protective Order is hereby vacated in accordance with the Court's order of 7/21/15, which remained in effect as an amendment to the Court's order of 6/16/15."

On or about September 11, 2017, the plaintiff filed an apparently timely motion to stay the order and a motion for reconsideration and request for a hearing. On September 14, 2017, apparently before the defendant's opportunity to object expired, the trial court granted the plaintiff's motion for reconsideration, stating, "The Court order of 6/16/15 remains in full force and effect for the reasons set forth herein." This apparently referred to the plaintiff's motion for reconsideration.

On or about September 22, 2017, the defendant filed a "Motion for a Hearing and Request for Written Reasons Why Protective Order was Restored Containing the Extension Until 2020," to which the plaintiff objected. On October 4, 2017, the trial court denied the defendant's motion, stating, "A hearing is neither necessary nor required. The order granting the [plaintiff's] request for reconsideration speaks for itself." The defendant appealed.

On appeal, the defendant argues, in part, that the trial court erred by not issuing written findings and rulings to explain the basis for its decision to reinstate the June 16, 2015 order. We agree. When requested by a party, the trial court is generally required to provide sufficient findings and rulings to support its decision and "allow an opportunity for adequate review in this court by providing us with the actual basis for the trial court's decision, in terms of facts found and law applied." Cohoon v. IDM Software, 153 N.H. 1, 9 (2005) (quotation omitted); see also RSA 502-A:17-a (2010); RSA 491:15.

Upon this record, the basis for the trial court's ultimate decision to maintain the protective order in force is not at all clear. Accordingly, we vacate the trial court's orders of July 15, August 29, September 14, and October 4, 2017, and remand for the trial court to issue written findings of fact and rulings of law as to the defendant's motion to vacate the protective order, sufficient to allow for meaningful appellate review. The trial court may consider the superior court's order establishing the parties' rights and responsibilities in the driveway. We express no opinion regarding the impact of the superior court's order upon the plaintiff's continuing need for the protective order. We leave it to the trial court's discretion upon remand to determine whether a further hearing is necessary to comply with this order. In light of this order, we need not address the defendant's remaining arguments.

Vacated and remanded.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

3