# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0366, <u>In the Matter of Carrie Venezia and Paul Venezia</u>, the court on February 2, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Paul Venezia (Husband), appeals an order of the Circuit Court (<u>Yazinski</u>, J.) denying his motion to amend the final decree entered in his divorce from the petitioner, Carrie Venezia (Wife). Wife has indicated that she does not wish to be heard in this appeal because she concurs with the relief Husband seeks. We reverse and remand.

Husband's motion sought to amend paragraph 21.B of the parties' stipulated final decree so as to "clarif[y] the intentions of the parties which were not properly set forth in the Decree." Husband represents that the parties divorced by settlement agreement finalized on December 16, 2021, and that the stipulated decree "called for the parties to file individually for taxes" and set the date of the divorce before "the end of the tax year." He further represents that "[u]nbeknownst to the parties," the decree "left [him] owing approximately $26,000 in tax[es]." The proposed amended decree would have allowed the parties to file their 2021 income taxes jointly. It also would have required Husband to be "solely responsible for any debt associated with such filing" as well as "for all professional fees . . . associated with filing joint taxes," and to reimburse Wife "in the amount of any anticipated tax refund which she would have received by filing individually." The amended decree would have set the effective date of the divorce as January 4, 2022. The amended decree would have included a paragraph stating that "[t]he division of property made by [the decree] is intended to be a nontaxable division of marital property . . . and not a taxable sale or exchange of property between the parties," and that "[t]his provision shall apply to the marital homestead and retirement account divisions." According to Husband, the amendments would have allowed him to make Wife whole "and to provide a significant amount of money for their teenage daughter's college fund."

The trial court denied Husband's petition, stating: "The file was processed and [vital statistics form] issued. Counsel should have been aware of the issue prior to submitting documents 6 months ago." Husband moved to reconsider the trial court's order, stating that, if not modified, the final decree "creates negative tax implications for the parties and serves the interest of neither party."

We agree with Husband that, to the extent that the trial court relied upon the filing of the vital statistics form, or otherwise implied that it lacked authority to modify the divorce decree, the court erred.  Within the context of final divorce decrees, we have observed that "courts have power to . . . modify, or amend their judgments for good cause shown."  In the Matter of Harman & McCarron, 168 N.H. 372, 375 (2015) (quotation omitted); see RSA 458:14 (Supp. 2022) (authorizing trial court in domestic relations proceedings to "modify any order made by it . . . except as otherwise provided in RSA 458:19-aa"); 3 Charles G. Douglas, III, New Hampshire Practice: Family Law § 13.84 (4th ed. 2014) (discussing standards under which a final divorce decree may be modified).  "It is well established that courts may grant reformation in proper cases where the instrument fails to express the intentions that the parties had in making the contract."  In the Matter of Lemieux & Lemieux, 157 N.H. 370, 373 (2008); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 57 (2006) (explaining that a court may modify or amend a final property distribution upon a showing that the property distribution is invalid due to fraud, undue influence, deceit, misrepresentation, or mutual mistake).

In this case, Husband's petition alleged that the parties' stipulated decree did not accurately reflect the parties' intentions.  See Lemieux, 157 N.H. at 374.  Therefore, we reverse the trial court's decision and remand for further proceedings consistent with this order.

Reversed and remanded.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**