# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0284, <u>K.A. v. D.A.</u>, the court on July 14, 2023, issued the following order:**

The defendant's motion to consider late authorities is granted. The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, D.A., appeals an order of the Circuit Court (<u>Rauseo</u>, J.), issued following a hearing, granting requests by the plaintiff, K.A., to extend a domestic violence final order of protection. <u>See</u> RSA 173-B:5, VI (2022). On appeal, the defendant advances numerous arguments. We affirm.

"In an appeal from an order on a domestic violence petition, the trial court's 'findings of facts shall be final,' and we undertake <u>de novo</u> review of 'questions of law.'" <u>S.C. v. G.C.</u>, 175 N.H. 158, 162 (2022) (quoting RSA 173-B:3, VI). "We review sufficiency of the evidence claims as a matter of law, upholding the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law." <u>Id</u>. "When performing this review, we accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony." <u>Id</u>. at 162-63. We view the evidence in the light most favorable to the prevailing party — here, the plaintiff. <u>See</u> <u>id</u>. at 163.

RSA chapter 173-B provides that, upon a showing of "good cause," a protective order may be extended for one year after the expiration of the first order, and thereafter for up to five years, at the request of the plaintiff and the discretion of the court. RSA 173-B:5, VI. To determine whether "good cause" exists, the trial court must "assess whether the current conditions are such that there is still a concern for the safety and well-being of the plaintiff." <u>MacPherson v. Weiner</u>, 158 N.H. 6, 10 (2008) (defining "good cause" in the context of stalking order extension). In its assessment, the trial court must review the circumstances giving rise to the original protective order and any violation of the order. <u>See</u> <u>id</u>. "The trial court should also take into account any present and reasonable fear by the plaintiff." <u>Id</u>. "Where the trial court determines that the circumstances are such that, without a protective order, the plaintiff's safety and well-being would be in jeopardy, 'good cause' warrants an extension." <u>Id</u>.

We briefly summarize the procedural history of this case. The initial domestic violence final order of protection was issued by the Trial Court (<u>Derby</u>, J.) in December 2019. We upheld that order on appeal in June 2020. In December 2020, the Trial Court (<u>Curran</u>, J.) granted the plaintiff's <u>ex parte</u>

request for an initial extension of the protective order, which, following a hearing, was reaffirmed by the Trial Court (DalPra, M., approved by Leonard and Chabot, JJ.) in March 2021. See RSA 173-B:5, VI (providing that the trial court has discretion to extend a protective order for good cause shown, and that the defendant shall have a right to a hearing on the extension within 30 days of its issuance). The defendant appealed from the orders granting the extension, and, on appeal, we agreed with the defendant that the marital master, who presided over the hearing, was disqualified. Accordingly, we vacated the orders recommended by the marital master, and remanded for a new hearing before a different judicial officer of the circuit court. We expressed no opinion as to the merits of the underlying motion to extend the protective order, but, in light of the unique circumstances of the case, we left the protective order in place pending the outcome of the new hearing.

On remand, the plaintiff sought an additional five-year extension. See id. (providing that the trial court may extend the original protective order for one year after the expiration of the original protective order, and upon the expiration of any extension, for up to five years). The Trial Court (Rauseo, J.) held a hearing on both the first request to extend the protective order and the plaintiff's second extension request, and granted an extension of one additional year in an 11-page narrative order. The trial court observed that, under the unique circumstances of the case, the hearing was effectively the hearing on the first extension request, and that, in any event, fairness required that the court limit the duration of any extension to one year. The court denied the defendant's motion for reconsideration in a 6-page narrative order. This appeal followed.

We first note that several of the defendant's arguments are not properly before us in this appeal from the one-year extension of the protective order. The defendant's first five appellate arguments all seek to collaterally attack the initial domestic violence protective order issued by the Trial Court (Derby, J.) in December 2019, or our order upholding it. The December 2019 order is final. See Gray v. Kelly, 161 N.H. 160, 164-65 (2010) (explaining doctrines of res judicata and collateral estoppel); Taylor v. Nutting, 133 N.H. 451, 454-57 (1990) (explaining doctrine of law of the case). Similarly, our order, upholding the initial protective order, is also final. See Sup. Ct. R. 24; Carleton, LLC v. Balagur, 162 N.H. 501, 505-06 (2011) (explaining that this court's decisions become final once mandate issues).

Although the defendant purports to have discovered "new evidence" of judicial misconduct justifying reconsideration of Judge Derby's December 2019 order, we disagree. The fact that a party discovers "new evidence" does not authorize the party to collaterally attack, in a separate appeal, a prior judgment that is otherwise final. Cf. Bricker v. Sceva Speare Hosp., 114 N.H. 229, 231 (1974) (observing that the trial court may grant a new trial on the ground of newly discovered evidence when the moving party was not at fault in failing to discover the evidence earlier; the evidence is admissible, material to the merits,

2

and not cumulative; and it is of such a character that a different result will probably be reached at a new trial); In the Matter of Harman & McCarron, 168 N.H. 372, 375 (2015) (observing that the trial court may set aside a final judgment upon a motion demonstrating fraud, accident, mistake, or misfortune). Moreover, nothing alleged in the defendant's brief — which relates to alleged or previously addressed misconduct by other judicial officers — would cause a reasonable person to question Judge Derby's impartiality. See Sup. Ct. R. 38, Canon 2.11. For the same reason, the defendant's sixth appellate argument — which challenges the initial ex parte extension of the protective order, granted by Judge Curran, based on alleged or previously addressed misconduct by other judicial officers — warrants no further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Next, we address the defendant's ninth appellate argument. Here, the defendant challenges our order, issued on December 16, 2021, in which we ruled, in his favor, that the marital master should have disqualified himself from presiding over the hearing on the initial extension of the protective order, vacated the orders recommended by the master, and remanded for the defendant to receive a new hearing before a different judicial officer. Although the defendant now contends that we lacked the statutory authority to leave the protective order in place pending the outcome of that new hearing, any objections to our order should have been — but were not — raised at that time through a motion for reconsideration. See Sup. Ct. R. 22. Accordingly, our December 16, 2021 order is final, and any challenges thereto are not properly before us in this appeal. See Sup. Ct. R. 24; Balagur, 162 N.H. at 505-06. We note that the United States Supreme Court denied the defendant's petition for a writ of certiorari challenging our December 16, 2021 order.

Next, we address the defendant's thirteenth appellate argument. Here, and elsewhere in his brief, the defendant asserts that the trial court violated his constitutional right to equal protection by reaching different results in this case than it did in other cases, generally involving different judges, parties, or facts. We decline to adjudicate these arguments, however, because they are inadequately developed for our review. See State v. Blackmer, 149 N.H. 47, 49 (2003) (explaining that off-hand or passing references to constitutional rights, without developed legal argument, are insufficient to warrant judicial review).

Now we address the defendant's remaining arguments, numbered seven, eight, ten, eleven, and twelve. In these arguments, the defendant contends that the Trial Court (Curran, J.) erred by issuing the initial extension of the protective order on an ex parte basis; that the evidence before the Trial Court (Rauseo, J.) was insufficient to support a finding of "good cause" to extend the protective order; that the Trial Court (Rauseo, J.) erred by denying the defendant's second motion for a continuance, and by considering and crediting evidence of the defendant's violation of the protective order following an out-of-state court hearing related to the parties' parenting matter; that the Trial Court (Rauseo, J.)

3

erred by finding that the defendant had violated the protective order without providing him the due process protections afforded criminal defendants; and that the Trial Court (Rauseo, J.) erred by preventing the defendant from calling a particular witness to testify as to the defendant's compliance with the protective order on a particular occasion.  We disagree.

As the appealing party, the defendant has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's thorough and well-reasoned orders; the defendant's challenges to them, including his seventh, eighth, tenth, eleventh, and twelfth appellate arguments; the relevant law; and the record submitted on appeal; we conclude that the defendant has not demonstrated reversible error.  See id.; Sup. Ct. R. 25(8).  To the extent that the defendant contends that Judge Rauseo was biased, or that he otherwise should have disqualified himself, we disagree.  Based upon our review of the record, we cannot conclude that a reasonable person would have questioned Judge Rauseo's impartiality.  See Sup. Ct. R. 38, Canon 2.11; In the Matter of Tapply & Zukatis, 162 N.H. 285, 297 (2011) (observing that judicial rulings alone almost never constitute a valid basis for a bias or partiality challenge).

Lastly, we note that any issues raised in the defendant's notice of appeal that were not briefed are waived.  See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4