Coos
No. 91-365

TIMOTHY R. GERMAIN

v.

REBECCA M. GERMAIN

April 16, 1993

■

## MEMORANDUM OPINION

On November 27, 1991, this court ordered that the decision on the defendant's motion to dismiss and on the issue raised by the court's order of September 10, 1991, be deferred pending this court's decision in 91-077, *David R. Stewart-Smith v. Linda M. Stewart-Smith.* *Stewart-Smith* has been settled, and the appeal withdrawn prior to the issuance of a decision by this court. Therefore, we now address both the procedural issue raised by our order of September 10, 1991, and the defendant's motion to dismiss.

In this divorce proceeding, the Superior Court (*Perkins*, J.) bifurcated the proceeding, issuing an order on May 15, 1991 (clerk's notice dated May 16, 1991), that awarded the parties a decree of divorce and divided their property, but left the determination of custody and permanent child support to a further hearing. By motion dated June 26, 1991, the plaintiff moved for reconsideration. The defendant objected in part because the motion was not filed within ten days of the date on the clerk's written notice of the superior court's order, and was therefore untimely. *See* SUPER. CT. R. 59-A(1). By order dated July 15, 1991, the superior court denied the motion for reconsideration as untimely filed. Thereafter, the plaintiff filed this appeal, purportedly pursuant to Supreme Court Rule 7.

We ordered the plaintiff to file a brief memorandum stating why this appeal should not be dismissed as an improper interlocu-

tory appeal, given that the superior court's order did not decide issues of custody and child support, and therefore did not conclude the proceedings below. *See* SUP. CT. R. 7(1); *see also* SUP. CT. R. 3 (definitions of "decision on the merits" and "interlocutory appeal"). The plaintiff argues that because the superior court bifurcated this divorce proceeding and awarded a divorce decree, the order should be treated as final. Therefore, the plaintiff concludes, this appeal is not an improper interlocutory appeal. We agree.

■■ Generally, when a trial court issues an order that does not conclude the proceedings before it, for example, by deciding some but not all issues in the proceedings or by entering judgment with respect to some but not all parties to the action, we consider any appeal from such an order to be interlocutory, and we will continue to do so. *See* SUP. CT. R. 8 (interlocutory appeal from ruling). In circumstances such as these, however, where the superior court has bifurcated a divorce proceeding and issued a divorce decree deciding property issues but leaving child custody and permanent support to be decided after further hearing, we consider that order to be a "decision on the merits" within the meaning of Supreme Court Rules 3 and 7 for purposes of appeal. Thus, failure to file a timely appeal from that order in accordance with Supreme Court Rule 7 will result in the entry of final judgment pursuant to Superior Court Rule 74. We note, however, that by this order we do not intend to encourage bifurcation, and caution that discretion to bifurcate should be exercised sparingly.

Having determined that this appeal is not an improper interlocutory appeal, we turn to the defendant's motion to dismiss. The defendant notes that the plaintiff filed his motion for reconsideration more than forty days after the date of the clerk's notice of the superior court's order on the merits, rather than within ten days as required by Superior Court Rule 59-A(1), and that the superior court did not waive the untimeliness of this motion within the appeal period. Thus, the defendant argues, the plaintiff's motion for reconsideration did not stay the running of the appeal period from the May 15, 1991, order, *see* SUP. CT. R. 7(1), and the appeal from that order is untimely. The plaintiff does not dispute that the motion for reconsideration was untimely filed, but argues: (1) that he relied upon erroneous advice of trial counsel that motions for reconsideration could be filed within thirty days; and (2) that the superior court extended the ten-day period by accepting and ruling upon the motion.

■■ Far from waiving the untimeliness or extending the period for seeking reconsideration, the superior court denied the motion for reconsideration on the express grounds that it was untimely filed. Moreover, merely accepting and ruling upon a late motion for reconsideration is not the equivalent of "waiv[ing] the untimeliness within the appeal period." SUP. CT. R. 7(1). Nor do we find the excuse that the plaintiff relied upon counsel's mistaken advice to constitute "good cause" justifying the suspension of this court's rules. *See* SUP. CT. R. 1. We note that the plaintiff presented this argument to the superior court in support of his late motion for reconsideration. The superior court rejected it, denying the motion as untimely. We also reject it. Moreover, even if we were to accept the dubious proposition that reliance upon counsel's mistaken advice constitutes good cause for suspending the appeal time limits in Supreme Court Rule 7(1), we note that the plaintiff failed to comply with the mistaken advice upon which he alleges that he relied.

To the extent that the defendant seeks dismissal of the appeal from the superior court's May 15, 1991, decision, her motion to dismiss is granted. To the extent that the plaintiff's notice of appeal seeks to appeal the superior court's July 15, 1991, order denying his motion to reconsider, the appeal is declined. *See* SUP. CT. R. 7(1).

*Motion to dismiss granted in part; appeal declined.*

*Timothy R. Germain, pro se,* filed the notice of appeal; *Waystack & King* of Colebrook (*Philip R. Waystack, Jr.* on the motion to dismiss), for the defendant.