Coakley Landfill Group v. IT Corp.     CV-98-167-JM 02/18/00     P

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

The Coakley Landfill Group

    v.                                    Civil No. 98-167-JM
                                            Opinion No. 2000 DNH 046

IT Corporation, et al.


**O R D E R**

The Coakley Landfill Group (the "Group") moves to dismiss the cross-claims against it brought by SeaHill Construction, Inc. ("SeaHill"). SeaHill objects.

Background

The Group entered into a contract with IT Corporation ("IT") in which IT agreed to perform the work of a general contractor for environmental remediation at the Coakley Landfill Superfund Site. The Group also entered into a contract with Golder Associates, Inc. ("Golder") in which Golder was to perform the work of project engineer for the remediation, including the preparation of material specifications and review of materials. Substantial quantities of sand submitted by IT through its subcontractor, SeaHill, were rejected by Golder on behalf of the Group.

The Group terminated IT for several alleged breaches of its contract and brought suit for damages.  IT brought third party suits against members of the Group and against SeaHill and Golder.  On July 27, 1999, SeaHill filed a cross-claim against the Group (document no. 36).  The cross-claim asserts claims of negligence (Count I), tortious interference with contractual relationship (Count II) and violation of the New Hampshire Consumer Protection Act (Count III).  Over one year prior to the filing of the cross-claim SeaHill brought suit against the Group in the Rockingham County Superior Court on the same underlying facts.  The state action was dismissed on February 3, 1999 by Judge McHugh.

The Group advances three bases for dismissal: (1) the "law of the case"; (2) the Younger abstention doctrine; or (3) the Colorado River abstention doctrine.  SeaHill asserts that the decision by Judge McHugh was interlocutory and not appealable until the entire case was completed and that the state case was stayed to permit resolution of the issues in one lawsuit. SeaHill objects to the motion on each basis advanced by the

plaintiff.

1.   The Younger Abstention Doctrine does not apply.

The Supreme Court has "not decide(d) the extent to which the Younger doctrine applies to a federal action seeking only monetary relief."  Deakins v. Monaghan, 484 U.S. 193, 202 (1988). However, it appears clear that it does not apply.

> Younger abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court.  See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); Pennzoil Co. v. Texaco, 481 U.S. 1, 10, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) ("The first ground for the Younger decision was 'the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law.'") (quoting Younger, 401 U.S. at 43, 91 S.Ct. 746); Colorado River, 424 U.S. at 816-17, 96 S.Ct. 1236; Younger, 401 U.S. at 43-44, 49, 91 S.Ct. 746; see generally Erwin Chemerinsky, Federal Jurisdiction §§ 13.1-4 (2d ed. 1994) (providing a critical analysis of the

3

> history, basis, and rationale of the Younger
> Doctrine).

Rienhardt v. Kelly, 164 F.3d 1296, 1302 (1999).  The unanimous decision in Quackenbush that abstention doctrines derive from equity is " . . . a strong indication that the Court is likely to find that Younger abstention applies only to suits for injunctive or declaratory relief and not to claims for money damages." Chemerinsky, supra § 13.3, p.783.  This court is not being asked to enjoin the appeal or any other aspect of the state court case. In fact, with the consent of all parties the state court stayed the action in its court specifically to await the outcome of this case (document no. 44, tabs 2 and 3).  I will not apply Younger in view of the Supreme Court's strong indication, particularly where the state court has so obviously disavowed any important state interest by totally staying the case.

2.   The Court will not apply the Colorado River Doctrine.

"(T)he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  McClellan v. Carland, 217 U.S. 268, 282

(1910). See Donovan v. City of Dallas, 377 U.S. 408); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). However, in Colorado River the court recognized that in the interest of judicial economy the federal court could justify the surrender of its jurisdiction if exceptional circumstances exist. Id. at 817-818. The factors to be considered in a Colorado River doctrine analysis must be carefully balanced as opposed to being used as a checklist. See Moses H. Cohen Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1982).

In Colorado River

> the court set forth four factors: 1. whether property is involved in the litigation; 2. the inconvenience of the federal forum; 3. the desirability of stopping piecemeal litigation; and 4. the order in which jurisdiction was obtained by the courts. 424 U.S. at 813, 96 S.Ct. at 1244. In Moses H. Cone v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1982), the Court added two more elements; 5. whether federal law or state law controls and 6. whether the state forum will adequately protect the interests of the parties.

Gonzalez v. Cruz, 926 F.2d 1, 3 (1st Cir. 1991).

Jurisdiction in this suit is based upon diversity of citizenship and none of the claims involve federal law.  However, this is the only forum with jurisdiction over all of the parties and, although the state forum may adequately protect the interests of the parties, the state has already stayed its proceedings to avoid piecemeal litigation and in the recognition that the federal forum is more convenient.  The principal complaint in this case was filed on March 25, 1998, prior to the date of the state court writ.  It makes no sense to surrender jurisdiction in this case under a doctrine premised upon judicial economy when judicial economy is best served (as recognized by the state court) by keeping the claim here.  The claim will not be stayed nor dismissed based upon the <u>Colorado River</u> doctrine.

3.    <u>"The Law of the Case" Doctrine</u>.

The Group contends that the state court order granting its state court motion to dismiss requires dismissal of SeaHill's cross-claims in this case under the law of the case doctrine. The law of the case doctrine

6

> "'. . . posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'"

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (citing Arizona v. California, 460 U.S. 605, 618 (1983) (dictum) and 1 B J. MOORE, J. LUCAS & T. CURRIER, Moore's Federal Practice ¶ 0.404[1], p.118 (1984)).

SeaHill contends that the doctrine: (a) does not apply to Counts II and III because they were not decided by the state court and (b)(1) the doctrine should not be applied where the state court has stayed its action in deference to the action in this court and (b)(2) the state court decision is erroneous and the doctrine should not apply.

a.    New causes of action are not barred.

The state court dismissal of SeaHill's state claims was expressly premised upon legal conclusions that SeaHill did not meet the two criterion necessary to establish it as intended third party beneficiary and that it was not owed a common law

7

duty of due care by the Group. Count II in the cross-claim in this court is a tortious interference with contract claim. Count III is a statutory consumer protection claim. These two claims are different from those which the state court dismissed. The law of the case doctrine, unlike the claim preclusion principles of res judicata, bars legal issues actually decided in the prior litigation but not those which could have been raised. See, In Re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n.3 (11th Cir. 1990). The state court decision does not preclude Counts II and III.

b. State Court Orders

The state court dismissed SeaHill's third party beneficiary contract claim (Count I) and its negligence claim (Count II) as alleged against the Group. Count I of SeaHill's cross-claim in this court is the same as the state court negligence claim.

The state court ruling dismissing the negligence claim was made by the trial court and, because it disposed of only the claims against the Group and because the entire case was stayed, the appeal of that decision is stayed. The parties agree that

the superior court order is not a final ruling for purposes of res judicata or collateral estoppel and is an interlocutory order. See Germain v. Germain, 137 N.H. 82, 84 (1993); Jenkins v. G2S Constructors, Inc., 140 N.H. 219, 223 (1995). If the dismissal by the state court has any effect here it is because of the law of the case doctrine.

"The law of the case doctrine applies to the decisions entered by the state court prior to removal". 18 Moore's Federal Practice, § 134.22(3)(c)(i) (Matthew Bender 3d Ed.). The "doctrine should not be used to perpetuate an error that could have been corrected in the state court system." Id. at § 134.22(3)(c)(iii). The SeaHill claims in this court were not removed from state court, however.

Neither party has cited, and I have not found, any authority to apply "law of the case" doctrine based upon an interlocutory order in a parallel (as opposed to removed) case (even with an identical claim and identical parties). The Seventh Circuit in Rekhi v. Wildwood Industries, Inc., 61 F.3d 1313, 1319 (7th Cir. 1995) clearly recognized that the doctrine of law of the case

9

applies to redetermination of rulings only in the same case. Thus, the court stated it applies to cases removed but not to different cases on the same claim by the same parties in different courts. The doctrine does not apply in the case before me.

The motion (document no. 40) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   February 18, 2000

cc:     George R. Moore, Esq.
        Jeremy Ritzenberg, Esq.
        James C. Wheat, Esq.
        Patrick A. Thompson, Esq.
        C. Kevin Leonard, Esq.
        Paul M. Monzione, Esq.