Hillsborough-southern judicial district
No. 2004-748

IN THE MATTER OF KATHLYN F. BEAL AND R. KEITH BEAL

Submitted: February 22, 2006
Opinion Issued: April 11, 2006

*Gawryl & MacAllister*, of Nashua (*Paul C. English* on the brief), for the appellant.

R. Keith Beal, *pro se*, filed no brief.

DUGGAN, J. The appellant, Kathlyn F. Beal, appeals an order of the Superior Court (*Hampsey*, J.) ordering the liquidation of the parties' marital property and use of the proceeds to pay creditors. We vacate and remand.

The record supports the following facts. The appellant was divorced from the appellee, R. Keith Beal, following a full evidentiary hearing on the merits. In the final divorce decree, the trial court found that the parties owned property in Canada worth more than $50,000, and that they had received proceeds from the sale of marital property totaling $22,364.81, which were being held in an escrow account administered by a commissioner, Attorney Robert Daniels. The court also found that the parties had "approximately $90,000 of outstanding debts."

The divorce decree stated the following:

> Keeping in mind that the parties have debts that equal or exceed $90,000.00, it would be inequitable to award [the Canadian] property to either party. Rather, arrangements shall be made for the property to be appraised, listed for sale and sold. The arrangements for the sale of the [property] shall be made by [the commissioner] .... Once the property has been sold, all of the usual and customary selling expenses shall be deducted from the proceeds .... The net balance remaining shall be placed in the escrow fund held and maintained by Commissioner Daniels. When this has been accomplished, Commissioner Daniels shall pay off the debts of the parties and shall make his best effort to negotiate a settlement with creditors with particular emphasis on obligations that have been charged off and/or placed in collection.

The trial court also ordered that "when Commissioner Daniels has liquidated or otherwise settled the outstanding obligations of the parties, this matter shall come forward for a further hearing and a final order will thereafter issue respecting the net proceeds in the escrow fund."

On appeal, the appellant argues that the trial court erred in ordering the liquidation of the parties' marital assets to pay the parties' creditors. She argues that: (1) nothing in the marital property division statute authorizes the trial court to sell the parties' assets to pay creditors; (2) the trial court's ruling was unjust; and (3) the ruling deprived her of her constitutional right to due process.

We first address whether the marital property division statute authorizes trial courts to order the sale of marital assets for the benefit of the parties' creditors. This is an issue of first impression. We begin by considering the language of RSA 458:16-a (2004), which governs property settlement in divorce actions.

■ In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *In the Matter of Ramadan & Ramadan*, 153 N.H. 226, 230 (2006). When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add words that the legislature did not include. *In the Matter of Donovan & Donovan*, 152 N.H. 55, 58 (2005).

RSA 458:16-a, II provides:

> When a dissolution of a marriage is decreed, the court may order an equitable division of property *between the parties*. The court shall presume that an equal division is an equitable distribution of property, unless the court establishes a trust fund under RSA 458:20 or unless the court decides that an equal division would not be appropriate or equitable after considering [a list of] factors.

(Emphasis added.) The plain language of the statute authorizes trial courts to distribute marital property "between the parties." Nothing in the statute authorizes trial courts to order a sale of the parties' marital assets to pay their creditors. We thus conclude that the trial court was not authorized to order the sale of the parties' property to pay creditors.

Other jurisdictions have ruled similarly. In *Arneson v. Arneson*, 227 P.2d 1016, 1017-18 (Wash. 1951), the husband appealed a divorce decree ordering him to sell his land and use the proceeds to pay taxes, mortgages, attorney's fees and "all other encumbrances" on the land. The court

vacated the decree and held that "[s]ince the divorce act nowhere provides for it, the [trial] court has no power to compel a liquidation for the benefit of creditors as an incident to a divorce decree." *Arneson*, 227 P.2d at 1017. Similarly, in *Beran v. Beran*, No. WD-03-070, 2004 WL 1087197, at *3, *8 (Ohio Ct. App. May 14, 2004), the appellate court upheld the trial court's refusal to order the husband to pay his one-half share of marital credit card debt using proceeds from the sale of the marital residence. Finally, in *Lee v. Lee*, 649 P.2d 997, 1004 (Ariz. 1982), the court reversed a trial court order requiring the parties to pay a debt with proceeds from the sale of marital property. It stated that "there is nothing in the Arizona dissolution statutes which grants such power to a trial court." *Lee*, 649 P.2d at 1003. The court reasoned persuasively that "we believe it is sound policy to adopt a rule which will not require creditors to intervene in contested dissolution actions in order to litigate their claims. To do otherwise would be to turn a dissolution action into a creditor's proceeding." *Id.*

We afford the trial court broad discretion in divorce matters including distribution of property, and will overturn a divorce decree only if it amounts to an unsustainable exercise of discretion. *See Ramadan*, 153 N.H. at 232. Here, the marital property division statute did not authorize the trial court to order the sale of the parties' marital property to repay creditors. The trial court's decree was thus in error. *Cf. In the Matter of Plaisted & Plaisted*, 149 N.H. 522, 526 (2003). In light of our holding, we need not address whether the decree was unjust or violated the appellant's due process rights.

Accordingly, we vacate the divorce decree and remand for further proceedings consistent with this decision.

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.