**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0487, <u>Brian A. Gillis, as Trustee of the Gillis Family Irrevocable Trust of 2012 v. Randall S. Lawson & a.</u>, the court on January 22, 2016, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Brian A. Gillis, Trustee of the Gillis Family Irrevocable Trust of 2012, appeals an order of the Superior Court (<u>Delker</u>, J.), following a hearing, on motions filed after the entry of final judgment in a quiet title action. The petitioner argues that the trial court erred in: (1) ruling upon an allegedly untimely motion for instructions filed by the respondents, Randall S. Lawson and Joan K. Lawson; (2) ruling that shrubs he recently planted interfere with the respondents' right-to-travel easement; (3) admitting into evidence a plan prepared by the respondents' surveyor after the trial on the merits; (4) ruling, in its February 4, 2015 order on the merits, that the failure to object to the relocation of a fence in 1999 precluded him from quieting title to a portion of the disputed land; and (5) denying his motion for contempt.

The petitioner first argues that the trial court erred in ruling upon the respondents' motion for instructions because it was not timely filed. It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). It is the burden of the appealing party, here the petitioner, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues in the trial court. <u>Bean</u>, 151 N.H. at 250. Because the record fails to show that the petitioner raised this issue in the trial court, we decline to address it. <u>See</u> <u>id</u>.

We note that, even if the petitioner had preserved this issue, the trial court retained authority to enforce its order on the merits. <u>See</u>, <u>e.g.</u>, <u>In the Matter of Kosek & Kosek</u>, 151 N.H. 722, 726 (2005) (noting that "[t]he power of contempt to enforce previous orders of a court of general jurisdiction is extensive"). Such authority is not constrained by the time limitation in Superior Court Civil Rule 12(e) governing motions for reconsideration or other post-decision relief. Here, the motion for instructions, in which the respondents simply requested that the trial court resolve the parties' dispute

over their respective obligations under the order on the merits, fell squarely within the court's authority to enforce the order.

The petitioner next argues that the trial court erred in ruling that shrubs he recently planted interfere with the respondents' right-to-travel easement and must be removed. The scope of a prescriptive easement is determined by the prior use of the land, see Sandford v. Town of Wolfeboro, 143 N.H. 481, 490 (1999), which is a question of fact. Absent a transcript of the trial and hearing on post-trial motions, we must assume that the evidence was sufficient to support the court's ruling. See Atwood v. Owens, 142 N.H. 396, 396 (1997).

The petitioner also argues that the trial court, in its order on the merits, found that he owns the land where he planted the shrubs, the area between the respondents' new, vinyl fence and the location of the original wooden fence. However, as the court observed, it specifically rejected the petitioner's assertion that the wooden fence marked the location of the boundary line in its order on the merits. The interpretation of a trial court order is a question of law, which we review de novo. See Edwards v. RAL Auto. Group, 156 N.H. 700, 705 (2008). Here, we conclude that the trial court correctly interpreted its order on the merits and, thus, that it did not err by ordering the petitioner to remove the shrubs or in locating the boundary line according to the terms of that order.

The petitioner next argues that the trial court erred in admitting into evidence a plan prepared by the respondents' surveyor after trial to depict the boundary line as determined by the court in its order on the merits. He argues that the respondents submitted the plan without the disclosures required by RSA 516:29-b, II (Supp. 2015), that the surveyor failed to provide testimony to establish a basis to admit the plan, and that the court denied him an opportunity to cross-examine the surveyor. The record fails to show that the petitioner raised these issues in the trial court. Accordingly, we decline to address them. See Bean, 151 N.H. at 250. To the extent that the petitioner argues that admission of the plan constituted plain error, his argument is not fully developed, and we decline to address it. See State v. Blackmer, 149 N.H. 47, 49 (2003) (confining our review to issues fully briefed).

The petitioner next argues that the trial court erred in ruling that the failure of his family to object to the relocation of the fence in 1999 precluded him from quieting title to the full width of the driveway. The petitioner's argument challenges a ruling in the court's order on the merits, which neither party appealed. Accordingly, we conclude that the issue is beyond the scope of this appeal. See Brian A. Gillis, as Trustee of the Gillis Family Irrevocable Trust of 2012 v. Randall S. Lawson & a., No. 2015-0487 (N.H. September 30, 2015) (accepting this case as an appeal from the court's July 7, 2015 order on post-trial motions); see also Germain v. Germain, 137 N.H. 82, 84-85 (1993) (ruling that, because appellant had not timely filed a motion for reconsideration

2

from the order on the merits, the appeal was timely only as to the order denying the untimely motion, and not as to the order on the merits).

Finally, the petitioner argues that the trial court erred in denying his motion for contempt, asserting that the respondents failed to remove the offending fence "as soon as the weather permit[ted]," as the court ordered, and that they failed to comply with the order on the merits in other respects. The contempt power is discretionary, and the proper inquiry is not whether we would have found the respondents in contempt, but whether the trial court unsustainably exercised its discretion. In the Matter of Conner & Conner, 156 N.H. 250, 253 (2007). To show that the trial court's order is unsustainable, the petitioner must demonstrate that the ruling was unreasonable or untenable to the prejudice of his case. Foley v. Wheelock, 157 N.H. 329, 332 (2008). The petitioner's arguments involve factual assertions, and without a transcript of the hearing, we cannot conclude that the trial court's decision was unreasonable or untenable to the prejudice of his case. See id.; Atwood, 142 N.H. at 396.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

3