NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Nashua Family Division
No. 2015-0103

PETITION OF PAMELA LUNDQUIST AND ROBERT LUNDQUIST

Argued: November 10, 2015
Opinion Issued: March 8, 2016

Law Offices of Pamela J. Khoury, of Salem (Pamela J. Khoury on the brief and orally), for the petitioners.

Law Offices of Lydon & Richards, P.C., of Nashua (Kalie L. Lydon on the brief and orally), for the respondent.

HICKS, J. The petitioners, Pamela and Robert Lundquist, appeal an order of the Circuit Court (Introcaso, J.) approving the Judicial Referee's (Love, M.) recommendation that their petition for visitation with their grandchildren be dismissed for lack of standing. See RSA 461-A:13 (Supp. 2015). We reverse.

The relevant facts follow. The petitioners are the parents of the respondent, and the natural grandparents of the respondent's three minor children. The respondent's husband, and natural father of the minor children, died in August 2010. In June 2014, the petitioners filed a petition for grandparent visitation in the trial court. The respondent filed a motion to dismiss, arguing that the statute "contemplates grandparent visitation rights when a child's nuclear family is absent due to 'divorce, death, relinquishment

or termination of parental rights, or other cause,'" but that "[t]he nuclear family here is intact" because "[t]he Mother is entirely capable of raising her three boys and has done so." The respondent asserted that "[t]he Paternal grandparents may have standing since the death of their son in 2010 but maternal grandparents have no standing to bring forth this petition." The petitioners objected, arguing, among other things, that they "have stated a claim for relief based upon the death of Respondent's husband as well as 'other cause.'"

After a hearing, the trial court granted the motion to dismiss, concluding that it "agrees with the position of the respondent." The court reasoned that "[t]he statute grants grandparents standing to seek visitation only when the grandchild's family structure is threatened by one of the triggering events under the statute. The threat to their relationship in this case does not come from the death of the children's father, but from mother's own determination of what is in her children's best interests vis a vis her parents." The trial court subsequently denied the petitioners' motion for reconsideration, and this appeal followed.

On appeal, the petitioners argue that the trial court erred in granting the motion to dismiss because "the Grandparents are the natural grandparents of the minor children and the nuclear family is not intact. Although the decedent is the Petitioner[s'] son-in-law, his death has caused the absence of a nuclear family." They assert that "the statute does not distinguish or require that only the decedent's parents in the event of the death of a parent may petition." The respondent argues that the trial court correctly granted the motion to dismiss because it "found that a nuclear family was present, therefore Petitioners' burden to prove the existence of a prerequisite condition (as referred to by the trial court as standing) was not met." (Bolding omitted.)

"Usually, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief may be granted." In the Matter of P.B. & T.W., 167 N.H. 627, 629 (2015). "To make this determination, the court would accept all facts pleaded by the petitioners to be true and construe all reasonable inferences in the light most favorable to the petitioners." Id. "When, however, the motion to dismiss does not contest the sufficiency of the petitioners' legal claim, but instead challenges their standing to sue, the trial court must look beyond the allegations and determine, based upon the facts, whether the petitioners have sufficiently demonstrated a right to claim relief." Id. "Because the underlying facts are not in dispute, we review the trial court's decision de novo." Id.

Resolving the issues on appeal requires that we engage in statutory interpretation. "Statutory interpretation is a question of law, which we review de novo." Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014). In matters of

statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole.  In re Estate of McCarty, 166 N.H. 548, 550 (2014).  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Id.

RSA 461-A:13 provides in pertinent part:

> I.    Grandparents, whether adoptive or natural, may petition the court for reasonable rights of visitation with the minor child as provided in paragraph III.  The provisions of this section shall not apply in cases where access by the grandparent or grandparents to the minor child has been restricted for any reason prior to or contemporaneous with the divorce, death, relinquishment or termination of parental rights, or other cause of the absence of a nuclear family.

Under this provision, "standing to seek visitation vests in a grandparent, whether natural or adoptive, whenever a grandchild's family is the subject of one of the enumerated conditions listed at the end of the second sentence unless the grandparent's access to the grandchild has been earlier, or contemporaneously, restricted."  In the Matter of P.B., 167 N.H. at 630 (quotation omitted); see O'Brien v. O'Brien, 141 N.H. 435, 437 (1996) (first sentence of the statute is triggered only when one of the conditions listed at the end of the second sentence has come to pass).

"When the legislature has clearly delineated the class that can petition to enforce a statutory scheme, we will implement that determination meticulously."  In the Matter of P.B., 167 N.H. at 630 (quotation omitted).  Here, the record supports that the parents of the minor children did not restrict the petitioners' ability to visit the children prior to or contemporaneous with their son-in-law's death.  Thus, the grandparents' standing to petition for visitation in this case vested when the statutory condition was met due to the children's father's death.  See id. (death of child's parents conferred standing upon the petitioners to file for grandparent visitation); see also O'Brien, 141 N.H. at 437 (defendant's status as unwed parent qualified as a statutory circumstance of "other cause" resulting in the absence of a nuclear family, thereby vesting standing in grandparent to petition for visitation); In re Athena D., 162 N.H. 232, 235 (2011) (termination of parental rights resulted in absence of nuclear family under the terms of the statute).

We are not persuaded that the fact that the petition is sought by the parents of the respondent requires a different result.  Under the plain language of the statute, standing to seek visitation does not depend upon "notions of

3

bloodlines or kinship," and we will not add language to the statute that the legislature did not see fit to include. Preston v. Mercieri, 133 N.H. 36, 42 (1990). Once a petitioner has established standing under RSA 461-A:13, I, whether the trial court will grant visitation rights depends upon weighing the criteria set forth in the statute, including whether such visitation "would be in the best interest of the child," and whether it "would interfere with any parent-child relationship or with a parent's authority over the child." RSA 461-A:13, II(a), (b). Such determinations "must accord at least some special weight to the parent's own determination" of her children's best interests. Troxel v. Granville, 530 U.S. 57, 70 (2000) (plurality opinion); see In re Guardianship of Reena D., 163 N.H. 107, 111 (2011) (noting that we have adopted the Troxel plurality's ruling that fit parents are presumed to act in the best interests of their children).

Accordingly, we hold that the trial court erred as a matter of law in finding, contrary to the plain and ordinary meaning of the statutory language, that the petitioners lack standing to petition for grandparent visitation rights under RSA 461-A:13, I.

Reversed.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.