NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

7th Circuit Court - Dover Family Division
No. 2016-0296

IN THE MATTER OF PATRICIA SWEATT AND ARTHUR SWEATT

Argued: May 16, 2017
Opinion Issued: October 27, 2017

TW Stevens Law Firm, PLLC, of Portsmouth (Todd W. Stevens on the brief and orally), for Kathleen Paine, administrator of the estate of Patricia Sweatt.

Greene and Greene, PLLC, of Dover (David J. Greene on the brief and orally), for the respondent.

HICKS, J. The respondent, Arthur Sweatt, appeals orders of the Circuit Court (Lemire, J.) denying, in relevant part, the respondent's motions to reconsider certain orders in his divorce from Patricia Sweatt. He argues the court erred: (1) in denying his motion to abate the divorce; (2) in granting the motion of petitioner Kathleen Paine, administrator of the estate of Patricia Sweatt, to amend by substitution; (3) in distributing the marital property more than six months after the dissolution of the marriage; (4) in finding him, but not Paine, to have been non-compliant with court rules; (5) by denying him due process and equal protection of the law; and (6) in its valuation of the marital real property. We affirm.

The record supports the following facts. The respondent married Patricia Sweatt on August 8, 1978. In April 2015, after 36 years of marriage, Patricia Sweatt filed for divorce on the ground of irreconcilable differences. She filed an expedited motion to bifurcate on June 30, 2015, stating that she would likely pass away soon due to her deteriorating health. The respondent objected, and a hearing was held on the motion. Patricia Sweatt appeared telephonically as did her daughter and attorney-in-fact, Kathleen Paine, with whom Patricia Sweatt was living in Colorado at the time.

The Trial Court (Foley, J.) entered a bifurcated divorce decree on July 31, 2015, decreeing that Patricia Sweatt and the respondent were divorced and instructing the clerk's office to schedule a final hearing on the division of assets. Neither party filed a motion for post-decision relief pursuant to Family Division Rule 1.26F or appealed the bifurcated divorce decree to this court.

Patricia Sweatt passed away on September 24, 2015. The respondent moved to continue the final hearing, alleging that an administrator had yet to be appointed for her estate. The final hearing was converted to a pretrial conference. At the time of the pretrial conference, Paine had not been appointed as administrator of the estate, and she had not been substituted as a party on behalf of the estate in the proceedings. Paine's appointment was delayed in the probate division.

The trial court held a telephonic conference on February 16, 2016, during which the respondent argued for the first time that the doctrine of abatement applied. The court declined to rule on the respondent's argument until he properly raised and briefed the issue. On February 19, 2016, the respondent filed a motion requesting that the court abate the divorce proceeding. Paine objected, arguing that abatement did not apply because the parties were divorced upon entry of the bifurcated divorce decree prior to Patricia Sweatt's death. The court denied the respondent's motion.

On February 25, 2016, Paine filed a motion asking the court to substitute herself, as administrator of the estate, for Patricia Sweatt. The trial court granted the motion. Paine was appointed as administrator of the estate by the probate division on March 2, 2016.

On March 3, 2016, the day of the final hearing, the respondent moved for reconsideration of the trial court's order denying his motion for abatement and of the trial court's order granting Paine's motion for substitution. The trial court denied the motion. The respondent did not file a proposed final decree or a financial affidavit prior to the final hearing. The respondent submitted a financial affidavit during the course of the final hearing, only after the trial court instructed him, from the bench, to complete and submit the affidavit during a break in the final hearing. The trial court afforded the respondent

additional time to supplement the financial affidavit after it was revealed through his testimony that he had not disclosed all of his assets on the affidavit.

On April 1, 2016, the trial court issued a final order, finding that the respondent had not complied with certain court rules, but nonetheless finding that an equal division of the marital estate was equitable.

I. Doctrine of Abatement

The respondent first argues that Patricia Sweatt's death abated the divorce proceedings. "The general rule is that a divorce action abates upon the death of either party." In the Matter of Mortner & Mortner, 168 N.H. 424, 427 (2015) (quotation omitted). The reason for this general rule is that "[a] marriage is personal to the people who were married, and the marriage ends upon the death or the divorce of either spouse." Id. (quotation and brackets omitted). Because "the principal object of a suit for divorce is the dissolution of the marriage, there is no reason to render a divorce decree once the marital relation is already ended by death." Id. (quotation omitted). Conversely, if a court issues a divorce decree prior to the death of one of the spouses, the doctrine of abatement is inapplicable. See id. at 428.

Here, we affirm the court's ruling that abatement does not apply because the marriage was dissolved by divorce prior to Patricia Sweatt's death. The respondent argues that the general rule of abatement upon death of a spouse should have been applied in this matter, and cites Mortner to support this proposition. In Mortner, we held that the parties' divorce action abated upon the death of the husband because the court had not yet issued a final divorce decree prior to his death. Id. at 429. We explained that a court's review of the parties' stipulated divorce is not a mere formality, and is, instead, an important judicial function. Id. The respondent seizes upon this language to assert that "there was much for the court to do after the death of [Patricia Sweatt] that can only be characterized as judicial functions," referring to the unresolved property distribution at the time of Patricia Sweatt's death. However, Mortner is distinguishable, as here the trial court issued a final divorce decree prior to Patricia Sweatt's death, whereas in Mortner, no divorce decree issued prior to the husband's death. See id. at 426.

The respondent next argues that the bifurcated divorce decree was not a final order. He argues that to have a proper bifurcated divorce decree, property distribution must be completed prior to the issuance of the decree and cannot be decided at a later date. The respondent asserts that our holding in Germain v. Germain, 137 N.H. 82 (1993), supports his position. In that case, we held that "[i]n circumstances . . . where the superior court has bifurcated a divorce proceeding and issued a divorce decree deciding property issues but leaving

3

child custody and permanent support to be decided after further hearing, we consider that order to be a decision on the merits within the meaning of Supreme Court Rules 3 and 7." Germain, 137 N.H. at 84 (quotation omitted). The respondent argues that the bifurcated divorce in Germain is distinguishable from this case because the only issues left in Germain were child custody and permanent support, whereas here the property distribution remained. See id. We disagree with respondent's argument, and take this opportunity to clarify.

Germain stands for the proposition that when an order of divorce is issued in a bifurcated proceeding, that order is a decision on the merits that can be appealed. See id. Applied here, we conclude that the bifurcated divorce decree was a decision on the merits as to the dissolution of the marriage when the court bifurcated the divorce proceeding, issuing a divorce decree while leaving property issues to be decided at a later date. Because the respondent did not appeal within thirty days, the decree and dissolution of the marriage were final. Accordingly, we affirm the trial court's denial of the respondent's motion for abatement.

The respondent also argues that the trial court erred in ruling that his motion for abatement was untimely. In light of our decision that the doctrine of abatement does not apply, the respondent's arguments regarding the timeliness of his motion for abatement are moot.

## II. Paine's Substitution

The respondent next argues that the trial court erred in granting Paine's motion to amend by substitution. The decision to grant or deny a motion to amend rests in the sound discretion of the trial court, and we will not overturn it absent an unsustainable exercise of discretion. See, e.g., Keshishian v. CMC Radiologists, 142 N.H. 168, 176 (1997); State v. Lambert, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). The respondent asserts that: (1) Paine was not candid with the court in her motion because she had not yet been appointed administrator when she filed it; and (2) her substitution five months after Patricia Sweatt's death prejudiced him. We disagree.

The trial court and the respondent were both aware of Paine's efforts in the probate division to become administrator of her mother's estate. The court's pretrial conference report stated: "Probate Court is addressing issue of bond for Ms. Paine as Administrator of [Patricia Sweatt's] Estate." The respondent and his counsel were present for the pretrial conference and received this report. Additionally, in the respondent's motion to continue trial, prior to the pretrial conference, he acknowledged that an "[administrator] for the Estate of [Patricia Sweatt] ha[d] yet to be appointed" and requested the trial

4

be continued until "an [administrator] is appointed for the estate of [Patricia Sweatt]."

It was within the court's discretion to grant Paine's motion for substitution in part because there was no prejudice to the respondent. At the latest, he learned of Paine's efforts to become administrator of Patricia Sweatt's estate at the January 21, 2016 conference. The record reflects that the delay of Paine's appointment as administrator of the estate was due to complications surrounding the issuance of a corporate surety and proceedings within the probate division. The court found the appointment was delayed "by a bond issue in part due to the uncertainty of the value of [Patricia Sweatt]'s Estate." In light of these facts, the court did not unsustainably exercise its discretion in granting the motion to amend by substitution, and we affirm that order.

III. Distribution of Marital Property

The respondent argues that the trial court erred in distributing the marital property more than six months after the dissolution of the marriage because this division did not occur in a timely manner as required by RSA 458:16-a, II (2004). The respondent is not arguing that the division was inequitable, only that the lapse of time between the dissolution of marriage and division of property cannot be reasonably construed as compliant with the statute.

To address the respondent's argument, we must engage in statutory interpretation. "Statutory interpretation is a question of law which we review de novo." Petition of Lundquist, 168 N.H. 629, 631 (2016) (quotation omitted). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." Id. "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole." In re Estate of McCarty, 166 N.H. 548, 550 (2014).

RSA 458:16-a, II provides, in pertinent part: "When a dissolution of a marriage is decreed, the court may order an equitable division of property between the parties." The plain language of RSA 458:16-a, II does not impose a timeframe by which a court is bound to divide the marital property. Thus, the court did not err in distributing the marital property eight months after the dissolution of the marriage.

5

The respondent also argues the property division did not occur "between the parties" as required by statute. Although the respondent is correct that RSA 458:16-a, II requires the distribution to occur "between the parties," we find no error because the trial court did distribute the property between the parties. The respondent argues that Patricia Sweatt's estate is comparable to a creditor under these circumstances, and that the trial court cannot order the sale of the parties' property to pay creditors. The respondent cites In the Matter of Beal & Beal, 153 N.H. 349 (2006), to support this proposition. In Beal, we held the trial court was not authorized to order the sale of the parties' property to pay creditors because RSA 458:16-a, II only authorizes distribution between the parties. Beal, 153 N.H. at 349. The respondent also argues that divorce is "purely statutory and that, in the absence of a statute authorizing the trial court's conduct the court is without power to act." He relies on In the Matter of Harman & McCarron, 168 N.H. 372 (2015), in which we held that a trial court has no authority to vacate a final divorce decree on the ground of the parties' reconciliation in the absence of a statute authorizing such. Harman & McCarron, 168 N.H. at 372.

The respondent's characterization of Patricia Sweatt's estate as a creditor is incorrect. The estate is not making a claim against Patricia Sweatt; it is assuming the rights and liabilities that Patricia Sweatt had before she passed away. In other words, the estate is standing in the shoes of Patricia Sweatt. Therefore, because Patricia Sweatt had a right to her share of the marital assets, and her estate represents her interest after her death, we find no error in the trial court's distribution of marital assets to her estate.

IV. Respondent's Non-Compliance With Court Rules

The respondent argues that the court erred in finding him, but not Paine, to have been non-compliant with court rules. "For an error to require reversal on appeal, it must have been prejudicial to the party claiming it." Giles v. Giles, 136 N.H. 540, 545 (1992) (quotation and brackets omitted). Although he raises this claim of error, the respondent makes no argument that the court's finding that he violated court rules negatively impacted his share of marital property.

Instead, the respondent claims that he was prejudiced when the court granted Paine's motion for substitution less than a week before the final hearing. The respondent argues that he was treated disparately because he "was told he did things wrong," while the trial court did not criticize Paine for the delay in her appointment as administrator of the estate. However, the respondent does not articulate how this alleged disparate treatment negatively impacted the share of the marital assets that the trial court awarded him. Even if we assume that the alleged disparate treatment was an error, our review of the record discloses no prejudice; the respondent was awarded an

6

equal share of the assets, which RSA 458:16-a, II presumes is an equitable division of the property. See RSA 458:16-a, II ("The court shall presume that an equal division is an equitable distribution of property, unless . . . the court decides that an equal division would not be appropriate or equitable after considering one or more of the following factors . . . ."). Therefore, we hold that the respondent has failed to carry his burden of demonstrating reversible error.

V. Respondent's Equal Protection and Due Process Claims

We next turn to the respondent's arguments that the trial court denied him equal protection and due process under the State and Federal Constitutions.

First, the respondent argues that he was denied due process and equal protection because he was obligated to comply with court rules and orders, while Paine had no such obligation during the period between her mother's death and her appointment as administrator of her mother's estate. He further argues that he was unable to engage in basic litigation strategy, such as discovery, with Paine during this period.

The only rule that the respondent argues that Paine was not required to comply with was Family Division Rule 1.25-A, which requires parties to an action in the family division to exchange initial disclosures of certain information and to supplement those disclosures if material changes occur while the action is pending. See Fam. Div. R. 1.25-A. Any information that Paine would have been required to disclose during the period that she was waiting to be appointed administrator, she would still have been required to disclose after her appointment. The respondent, however, does not argue that Paine failed to comply with this rule after she was appointed administrator. Nor does he argue that the timing of any post-appointment disclosure impacted his final hearing litigation strategy or the resulting property distribution. With regard to the respondent's claim that he was unable to engage in discovery with Paine while she was waiting to be appointed administrator, he also fails to demonstrate prejudice. He has not argued that, after Paine's appointment, he was denied an opportunity to seek discovery. Nor has he argued that he sought discovery but received no information or incomplete information from Paine.

Additionally, we note that, despite the respondent's assertion that this situation resulted in a violation of his constitutional rights, he has not cited any case law supporting his position. Nor has he briefed which standard of review should be applied to his equal protection challenge, or why this situation is an equal protection violation under such standard. See, e.g., Petition of Hamel, 137 N.H. 488, 490-91 (1993) (explaining the three standards of review for equal protection challenges: strict scrutiny, fair and substantial

relation, and rational basis). Therefore, after considering respondent's arguments and the record provided to us upon appeal, we hold that the respondent has failed to carry his burden of demonstrating reversible error on this point.

Next, the respondent argues that he was denied due process because he did not have an opportunity to elicit testimony from Patricia Sweatt. He further argues that Paine's testimony was an inadequate substitute for Patricia Sweatt's testimony.

The respondent, however, has not cited any case law supporting his argument that his inability to call a deceased witness in this situation amounts to a violation of his due process rights. Although he asserts that Paine was an inadequate substitute because "[s]he was unable to testify as to the factors of RSA 458:16-a," he has not explained specifically what information, if any, he would have elicited from Patricia Sweatt that he was unable to elicit from her daughter. Therefore, after considering respondent's arguments and the record provided to us on appeal, we hold that the respondent has failed to carry his burden of demonstrating reversible error on this point.

Next, the respondent argues that his due process rights were violated during the final hearing because, before Paine rested, the trial court demanded that the respondent's attorney divulge whether he would call the respondent as a witness. The respondent, however, has not cited any authority to support his argument that this situation amounts to a violation of his due process rights. Furthermore, based upon our review of the record, there was no error. The trial court, in an effort to save time, asked the respondent's attorney to state whether he would call the respondent on direct. If the respondent was going to testify, then Paine could curtail her direct of him, knowing that she would have an opportunity on cross-examination to ensure that she got all of the testimony that she wanted. The respondent's attorney, however, made it clear that he did not want to state ahead of time whether he would call the respondent or the order in which his witnesses would testify. The court did not compel him to make or announce either decision; it simply allowed Paine to finish her intended, complete direct of the respondent. Thus, the alleged error that the respondent complains of did not happen — he was not compelled to announce his strategy, and it was during his own case that he ultimately decided not to testify. Accordingly, the respondent has not demonstrated that his due process rights were violated.

VI. Valuation of Real Property and Valuation Dates

The respondent next argues that the court erred in its valuations of the marital real property and by not specifically stating whether those valuations reflected the value of the property as of the date of the divorce filing, the date of

the bifurcated divorce decree, or the date of the final hearing.  However, the respondent has not demonstrated that he raised these arguments in the trial court.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) ("It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial.").  "[T]o satisfy the preservation requirement, any issues that could not have been presented to the trial court before its decision must be presented to it in a motion for reconsideration."  State v. Mouser, 168 N.H. 19, 27 (2015).  The respondent first raised these arguments in a motion, which was denied as not timely filed, that he labeled as a "Further Amendment to Motion to Reconsider."  (Bolding, underlining, and capitalization omitted.)

The respondent acknowledges that this motion was not timely filed, but insists that the court should not have denied it for untimeliness because the court allowed Paine to move to amend by substitution five months after Patricia Sweatt's death.  As we have previously stated, the trial court sustainably exercised its discretion by permitting Paine to substitute herself, as administrator of Patricia Sweatt's estate, for Patricia Sweatt.  Furthermore, the respondent has not cited any legal authority that barred such substitution five months after Patricia Sweatt's death.  Conversely, the respondent failed to file his motion within the time required by Family Division Rule 1.26(F).

Therefore, because the respondent did not raise these arguments in the trial court or in a timely motion for reconsideration, they are not preserved for our review, and we decline to address them.  See id.

Affirmed.

DALIANIS, C.J., and LYNN and BASSETT, JJ., concurred.

9