# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0143, <u>Gary Volpe, o/b/o the deceased Clara Volpe v. Dennis Volpe & a.</u>, the court on April 8, 2022, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Gary Volpe, o/b/o the deceased Clara Volpe, appeals the order of the Circuit Court (<u>Cassavechia</u>, R., approved by <u>Moran</u>, J.) dismissing his amended petition to invalidate certain amendments to the Clara E. Volpe Revocable Trust, and the order of the Circuit Court (<u>Cassavechia</u>, R., approved by <u>Weaver</u>, J.) granting summary judgment in favor of the intervenor, Cambridge Trust Company, on its request for a declaration that the petitioner violated the trust's <u>in terrorem</u> clause by filing his petition. The intervenor and respondent Dennis Volpe request that we dismiss the appeal as untimely. We affirm in part, and dismiss the appeal in part.

We note at the outset that we need not decide whether the order dismissing the petition was a final decision on the merits that the petitioner needed to appeal separately from the subsequent order granting the intervenor's summary judgment motion because the appeal of the summary judgment order was itself untimely.

Rule 7(1) of the Supreme Court Rules requires that a notice of appeal be filed within thirty days from the date on the clerk's written notice of the decision on the merits. A timely filed post-decision motion stays the running of the appeal period. <u>Sup. Ct. R.</u> 7(1)(C). An untimely filed post-decision motion does not stay the running of the appeal period unless the trial court waives the untimeliness within the appeal period. <u>Id</u>. In the absence of an express waiver of the untimeliness made by the trial court within the appeal period, the appeal period is not extended, even if the trial court rules on the merits of an untimely filed post-decision motion. <u>Id</u>.

In this case, the clerk's written notice of the trial court's summary judgment order is dated February 25, 2021. A timely motion for reconsideration was due within ten days of the clerk's notice of decision, or by Monday, March 8, 2021. <u>See</u> <u>Prob. Div. R.</u> 12, 59-A(1). The trial court found, and the record on appeal does not contradict, that the petitioner filed his motion for reconsideration on Wednesday, March 10, 2021. The trial court did not expressly waive the untimeliness within the appeal period or extend the

period for seeking reconsideration, but instead denied the motion for several reasons, including untimeliness. "[M]erely accepting and ruling upon a late motion for reconsideration is not the equivalent of waiving the untimeliness within the appeal period." Germain v. Germain, 137 N.H. 82, 85 (1993) (quotation and brackets omitted).

Because the petitioner's untimely-filed motion for reconsideration did not stay the running of the appeal period, an appeal of the summary judgment order was due within 30 days of February 25, 2021, or by Monday, March 29, 2021. See Sup. Ct. R. 7(1)(C), 27(1). The petitioner did not file his notice of appeal until April 12, 2021. Accordingly, we dismiss the appeal to the extent that the petitioner challenges the merits of the trial court's decisions dismissing his petition and granting summary judgment to the intervenor on its request for a ruling that the petition violated the trust's in terrorem clause. See Sup. Ct. R. 5(4).

We note that the petitioner filed his notice of appeal within thirty days of the clerk's notice of decision denying his untimely motion for reconsideration. To the extent that the petitioner seeks our review of the order on reconsideration, we conclude that the trial court did not unsustainably exercise its discretion and, therefore, affirm its decision. See Germain v. Germain, 137 N.H. 82, 84-85 (1993) (treating appeal as timely only as to the denial of the untimely motion for reconsideration, but not as to the earlier decision on the merits); In re Estate of Porter, 159 N.H. 212, 214 (2009) (same); see also Broom v. Continental Cas. Co., 152 N.H. 749, 752 (2005) (applying unsustainable exercise of discretion standard to order denying motion for reconsideration).

Affirmed in part; and dismissed in part.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2